Virginia WILLIAMS, et al.,
Plaintiffs-Appellants,

v.

BRYAN, CAVE, McPHEETERS, McROBERTS, et al.,
Defendants-Respondents.

No. 55755.

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Henry Boardman Hine, Clayton, for plaintiffs-appellants.

Joseph M. Kortenhof and Thomas L. Stewart, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiffs, Virginia Williams, et. al., as intended beneficiaries under a will, brought an action against defendants, Bryan, Cave, McPheeters, McRoberts, et. al. (attorneys), for failure to prepare a will in accordance with the instructions of Alma Ida Stentz (testatrix) prior to her death. Plaintiffs appeal from the dismissal of their action against attorneys for failure to state a claim upon which relief can be granted. We affirm.

In reviewing a dismissal based solely on the pleadings, we accept the facts pleaded and all the reasonable inferences arising therefrom as true. If, viewed in that manner, the allegations invoke substantive principles of law which may entitle the pleader to relief, the petition should not be dismissed. *Lynn v. T.I.M.E.-D.C., Inc.*, 710 S.W.2d 359, 360 (Mo.App.1986). This case was not a summary judgment action pursuant to Rule 74.04, but was based solely on the allegations contained in the pleadings. *See Id.*

The facts, as gleaned from the petition and the wills attached thereto, are that plaintiffs were the granddaughter and great-grandchildren of testatrix. Plaintiffs filed this action against the attorneys who drafted testatrix' will, seeking money damages in two counts: Count I sounded in negligence; Count II in contract.

Specifically, Count I of the petition alleged that attorneys were negligent in the preparation of testatrix' will in that attorneys failed to include the exercise of the power of appointment given under an inter vivos trust established by the late husband of testatrix and failed to inform testatrix either of this omission or of the effect of such an omission. Plaintiffs also alleged that, at the time testatrix executed the will,

she did not have the requisite mental capacity to make a valid will. As a result of the attorneys' negligence, they were deprived of the benefit of the exercise of the power of appointment in their favor which testatrix had exercised in their favor in a prior will executed in 1969.

Count II of the petition alleged that plaintiffs were the intended beneficiaries of the exercise of the power of appointment under the inter vivos trust of the testatrix' late husband. By failing to incorporate the exercise of the power of appointment by testatrix into the 1982 will, attorneys breached their agreement with testatrix to provide legal services.

Defendants moved to dismiss both counts of plaintiffs' action for failure to state a claim upon which relief could be granted. After a hearing on the motion, the trial court sustained defendants' motion.

Plaintiffs' sole point on appeal is that the trial court erred in dismissing Counts I and II of their petition. They posit that, as the intended beneficiaries under testatrix' will, they have a cause of action against attorneys for damages resulting from attorneys' negligence in drafting testatrix' will.

Here, plaintiffs' position is that the 1969 will manifests the testamentary intent of testatrix to exercise the power of appointment in favor of plaintiffs and that the 1982 will is invalid because it does not represent testatrix' intent.[1] Where the alleged tort involves superseding one will with another, a concurrent tort action would offend the probate code by requiring the trial court in the tort action to accept one document as testatrix's valid will and to reject another document as not her will. *See McMullin v. Borgers*, 761 S.W.2d 718, 719 (Mo.App.1988). Since a successful will contest would replace the 1982 will with the 1969 will, plaintiffs would receive their full expectancies and would suffer no actual damages. *See Id.* at 720. An unsuccessful will contest, on the other hand, would render the 1982 will valid and plaintiffs would be collaterally estopped from relit-

---

1. On appeal, the parties agree that plaintiffs have also filed a will contest action. In that action plaintiffs seek to have the 1982 will set aside and the 1969 will reinstated. At the time this case was submitted on appeal, the will contest action was still pending.

igating the validity of the 1982 will in a concurrent or subsequent tort action.[2] Where, as in this case, a will contest provides a complete remedy, a tort action against attorneys for negligence will not lie.

Plaintiffs allege, however, that they are entitled to bring an action against attorneys as third party beneficiaries under a contract theory. They point to other jurisdictions which recognize that intended beneficiaries of a will have a claim or cause of action through third party beneficiary contract law against an attorney for damages when the intended beneficiary has been damaged as a result of the attorney's negligence. *See Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685 (1961), *cert. denied,* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962); *Ogle v. Fuiten,* 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224 (1984); *Hale v. Groce,* 304 Or. 281, 744 P.2d 1289 (1987); *Walker v. Lawson,* 526 N.E.2d 968 (Ind.1988); *Schreiner v. Scoville,* 410 N.W.2d 679 (Iowa 1987).[3] To date, Missouri has not adopted this view. In addition, given the facts of this case where plaintiffs have an adequate remedy available to them in a will contest action, we decline to address the broader issue of whether plaintiffs can recover against attorneys under the third party beneficiary contract theory propounded by plaintiffs. Plaintiffs' point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

**2.** The test for determining whether collateral estoppel applies to bar further litigation of an issue is: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 119 (Mo.App.1986).

**3.** *But see Simon v. Zipperstein,* 32 Ohio St.3d 74, 512 N.E.2d 636 (1987); *Lilyhorn v. Dier,* 214 Neb. 728, 335 N.W.2d 554 (1983); *Dickey v. Jansen,* 731 S.W.2d 581 (Tex.App.1987). These cases rejected the third party beneficiary contract theory of recovery against an attorney who negligently drafted a will on the basis that there was a lack of privity between the beneficiary under the will and the negligent attorney.