**David B. SMITH and Martha C. Smith, Appellants,**

v.

**H. Marshall CHATFIELD, Respondent.**

**No. WD 42525.**

Missouri Court of Appeals,
Western District.

July 31, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Martin M. Meyers, Campbell and Meyers, Kansas City, for appellants.

Reed O. Gentry, Robert R. Barton, Field, Gentry, Benjamin & Robertson, P.C., Kansas City, for respondent.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

ULRICH, Judge.

David B. Smith and Martha C. Smith appeal the dismissal of their petition for tortious interference with their inheritance rights in the estate of Martha Pearl Crenshaw. They were the sole heirs at law of Ms. Crenshaw who died on April 11, 1984. Prior to her death, Ms. Crenshaw executed a purported will dated May 6, 1980, and a purported codicil dated September 25, 1981, which documents disinherited the Smiths and transferred all of decedent's $140,000–plus estate to her attorney, respondent H. Marshall Chatfield. Before filing the present action, the Smiths successfully contested Martha Pearl Crenshaw's purported will. *See Smith v. Chatfield*, 745 S.W.2d 199 (Mo.App.1987).

The Smiths filed this action to recover the costs and expenses of contesting the will and codicil and also sought punitive damages. The trial court sustained Mr. Chatfield's motion to dismiss the Smiths' petition for failure to state a claim. The judgment is affirmed.

█ The Smiths allege two grounds for reversal. First, the Smiths maintain that they adequately pleaded a cause of action for tortious interference with inheritance rights. They argue that Missouri recognizes the tort and that they, as successful will contestants, are entitled to pursue this action to recover consequential damages not recoverable in the *in rem* will contest proceeding. Alternatively, the Smiths assert that Missouri law allows recovery of attorney fees incurred in prior litigation with the same party where the natural and proximate result of the wrong complained of in the prior action caused legal expense to protect an interest.

The Smiths correctly assert that tortious interference with an inheritance right is a recognized cause of action in Missouri. In *Hammons v. Eisert*, 745 S.W.2d 253 (Mo. App.1988), the court, recognizing tortious interference with a gift or inheritance right as actionable, quoted the relevant section of Restatement of Torts 2d.

Section 774B of the Restatement of Torts 2d recognizes a cause of action for intentional interference with an inheritance or gift. That section reads: "One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift."

*Id.* at 257. The *Hammons* court also cites cases from other states recognizing tortious interference with a gift or inheritance as a cause of action.

The context in which the cause of action lies for tortious interference with an inheritance right is addressed in another case, *McMullin v. Borgers*, 761 S.W.2d 718 (Mo. App.1988). In *McMullin*, the second of two wills signed by the decedent was filed in probate. The appellant brought an action for tortious interference with inheritance, intentionally choosing not to contest the second will by filing a will contest. The court recognized a conflict between the desire to fairly compensate an injured party and the need to preserve the goals of the probate code which purports to provide the exclusive forum for such matters. *Id.* at 719. The court held that where a will is admitted to probate, a will contest would provide adequate relief, and a tortious interference action will not lie since a successful will contest would provide full expectancy, and the plaintiff would suffer no actual damage. *Id.* at 719–20. The court's rationale was directed to the case it was considering since a will contest would have provided essentially the same remedy as the tortious interference action. The appellant argued that such a holding would result in Missouri never allowing both a will contest and a concurrent tort action. The court stated, "While the nature of a will contest does preclude the addition of a tort action at the same time, we are not convinced that the rule against splitting causes

of action will always preclude a subsequent tort action." *Id.* at 720 (citation omitted).

A similar holding was reached in the case of *Williams v. Bryan, Cave, et al,* 774 S.W.2d 847 (Mo.App.1989). The plaintiffs sued defendants alleging that they negligently drafted a will, failing to comply with the testatrix's instructions prior to her death. The plaintiffs appealed the dismissal of their action for failure to state a claim upon which relief could be granted. The court stated that where the alleged tort involves superseding one will with another, a concurrent tort action would offend the probate code by requiring the trial court to accept one document as a valid will and to reject another. The court noted that a successful will contest would replace the disputed will with a prior will resulting in the plaintiffs receiving full expectancies, and they would suffer no damages. An unsuccessful will contest, the court said, would render the disputed will valid, and the plaintiffs would be collaterally estopped from relitigating the validity of the disputed will in a concurrent or subsequent tort action. *Id.* at 848–49. The *Williams* court concluded that a tort action against attorneys for negligence will not lie where a will contest provides complete remedy. *Id.* at 849.

The Smiths cite a Texas case to demonstrate a jurisdiction which has recognized a successful will contestant's right to pursue a tort action for interference with an inheritance expectancy. That case, *King v. Acker,* 725 S.W.2d 750 (Tex.App.1987), may be distinguished from the present case. In *King* the wife of the deceased, Mrs. King, was held to have tortiously interfered with inheritance rights of her husband's heir. Mrs. King and her attorney had, while her husband was in a coma, attempted to assign five hundred shares of his stock to her using a power of attorney purportedly signed by Mr. King before lapsing into unconsciousness. The stock was later redeemed by a temporary administrator of the estate. The power of attorney was found by a jury not to have been signed by Mr. King. Mrs. King's attorney also filed a will which was found not to have been signed by Mr. King. In filing suit, the heirs alleged actual damages of a statutory commission paid by the temporary administrator which would not have been paid but for the forged power of attorney and will. These damages were not recoverable in a will contest. Attorney fees were awarded as exemplary damages because Mrs. King's wilful, unlawful and malicious conduct was pleaded and proved.

The Smiths, unlike the heirs in the *King* case, achieved the full relief afforded them in their successful will contest. This court reversed a judgment n.o.v., reinstated the jury's verdict, and allowed the Smiths to take under a prior will. Their petition to obtain costs and expenses in contesting the will and codicil as well as punitive damages for tortious interference with inheritance rights was properly dismissed by the trial court.

■ As their second point, the Smiths argue alternatively that they have a right to pursue an action to collect the attorney fees incurred in the prior action under the collateral litigation exception to the rule that attorney fees are borne by the party incurring them (The American rule). A showing that there has been other litigation against a third party which is actually "collateral" to litigation involving the parties is a necessary prerequisite to the application of the collateral litigation exception. *Forsythe v. Starnes,* 554 S.W.2d 100, 111 (Mo.App.1977).

> To be awarded attorney's fees incurred as a result of collateral litigation, the wronged party must show that the litigation was the natural and proximate result of the wrong or breach of duty by the other party, that the fees were necessarily and in good faith incurred to protect the wronged party from injury and that the amount of the fees is reasonable.

*Id.* It has already been established that the will contest provided the Smiths with a complete remedy. Therefore, the filing of this action for tortious interference of inheritance rights was properly dismissed

and not the "natural or proximate result of the wrong."

The trial court correctly dismissed the Smiths' petition for failure to state a claim. The judgment is affirmed.

All concur.