**Helen Churches PEFFER, Plaintiff-Appellant,**

v.

**Charles E. BENNETT, Defendant-Appellee.**

**No. 74–1654.**

United States Court of Appeals, Tenth Circuit.

Submitted July 9, 1975.

Decided Oct. 17, 1975.

Rehearing Denied Nov. 10, 1975.

---

Jerome R. Strickland, Denver, Colo., for plaintiff-appellant.

Charles E. Bennett, Denver, Colo. (Robert W. Caddes, Denver, Colo., on the brief), for defendant-appellee.

Before HILL, SETH and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a defendant's judgment in an action brought under Colorado law to recover attorney's fees and other expenses incurred in a will contest. Recovery is sought under the rule that reasonable expenses, including attorney's fees, are recoverable when defendant's wrongful act has involved plaintiff in litigation with third parties. The wrongful act alleged is the tort of malicious interference with a prospective right of inheritance. Specifically, the complaint alleged appellant was forced to litigate a will caveat because of appellee's fraudulent conduct in procuring the making of the will.

The record discloses the following facts. Six days before she died of cancer, Blanche Irene Taylor made a will creating a trust of the residuary of her estate for the benefit of appellant, Helen Churches Peffer, her sister and sole heir at law. Appellee, Charles E. Bennett,

was appointed trustee and given unlimited discretion as to the amount, if any, to be paid monthly to appellant during her life. Appellee also was given power to dispose of the remainder "in any manner he sees fit." The will appointed appellee's wife, Sylvia Bennett, executrix.

When the will was offered for probate, appellant filed a caveat. The parties to the caveat proceeding were appellant as caveatrix and Sylvia Bennett as the proponent. Appellee appeared as a witness, but was not made a party. In its order, the Denver Probate Court made the following findings: (1) the mental and physical condition of the testatrix, both at the time of the giving of instructions concerning her will and at the time of its execution, was extremely poor; (2) the confidential relationship between testatrix and appellee was admitted; (3) appellee was the scrivener of the will; (4) appellee would substantially benefit from the will—appellant's life interest being, in effect, illusory; and (5) the will provision was contrary to the intent of the testatrix. The court held the presumption of undue influence arising from these facts under *Gehm v. Brown,* 125 Colo. 555, 245 P.2d 865 (1952), had not been overcome by the will's proponent. The residuary trust provision of the will was declared void because of undue influence exerted by appellee.

Appellant commenced the present action in the United States District Court for the District of Colorado, basing jurisdiction on diversity of citizenship. The principal issue in that court and on appeal is the applicability of the collateral estoppel doctrine to the findings of the probate court. Appellant contends those findings conclusively establish fraud by appellee in procuring the making of the contested will and appellee is estopped from litigating the issue in this case. The district court rejected this argument, ruling that collateral estoppel did not apply because the issue in the probate proceeding was not the same as in this case. The case was submitted to the jury and a verdict for defendant was returned.

█ The Colorado Supreme Court has stated the tests for determining when the doctrine of collateral estoppel may be invoked:

First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? Third, was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And, fourth, did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?

*Pomeroy v. Waitkus,* 517 P.2d 396, 399 (Colo.1974). Each question must be answered affirmatively before a collateral estoppel may be applied.

As the district court recognized, a key element in this case is identity of the issues. The briefs disclose some confusion regarding the precise issues involved in the probate court and the present action. To apply the identity test, we must first clarify the issues.

█ The tort alleged in the complaint is known as malicious interference with a prospective right of inheritance. Although cases of this type are relatively rare, the existence of the action has been recognized in a federal case arising in Colorado. *McGregor v. McGregor,* 101 F.Supp. 848 (D.Colo.1951), *aff'd,* 201 F.2d 528 (10th Cir. 1953). The elements of the action are best stated in *Hegarty v. Hegarty,* 52 F.Supp. 296 (D.Mass.1943). The action requires (1) that defendant intentionally interfered with the giving or leaving of property to the plaintiff; (2) that defendant used unlawful means to accomplish the interference; and (3) proof of damages. The intent requirement means defendant must have acted purposely and knowingly. "Unlawful means" include fraud, duress, and undue influence.

█ Appellant has contended, both at trial and on appeal, that the probate court's finding of undue influence invalidating a portion of the will was a con-

clusive finding of fraud. The probate court applied the presumption of undue influence arising when the principal beneficiary under the will, acting in the confidential relationship of attorney and client, draws the will and secures the subscribing witnesses. *Ghem v. Brown, supra.* In *Gehm,* the Colorado Supreme Court quotes language stating, "The presumption is one of *fact,* a badge of fraud, (for undue influence is a species of fraud,) . . . ." The weight of authority is that undue influence and fraud are not synonymous, but are separate and distinct grounds of will contest. 57 Am.Jur.*Wills* § 368 (1948). For our purposes, however, we may assume undue influence is a "species" of fraud under Colorado law. The probate court's finding would be only constructive fraud based on the relationship of the parties rather than proof of actual intent to defraud. 37 Am.Jur.2d *Fraud and Deceit* §§ 4, 441 (1968); *see United States Nat'l Bank v. Bartges,* 122 Colo. 546, 224 P.2d 658 (1950), *cert. dismissed,* 340 U.S. 957, 71 S.Ct. 575, 95 L.Ed. 689; *Toll v. McKenzie,* 88 Colo. 582, 299 P. 14 (1931). Although this may be grounds for other legal or equitable relief, it will not support the tort alleged here. As stated above, the tort of malicious interference with a prospective right of inheritance requires proof of actual intent whether the unlawful means employed is fraud or undue influence.

Appellant insists she has proved before that appellee *obviously* perpetrated a fraud, but what could have been found and what was found are two different things under the collateral estoppel doctrine. *Pomeroy v. Waitkus, supra,* 517 P.2d at 399; 1B Moore's Federal Practice ¶ 0.443[4] (2d ed. 1974). The probate court found only that there was undue influence which affected the disposition of property made in the will. Whether appellee acted intentionally to interfere with appellant's prospective right of inheritance was never in issue and was not decided by that court.

■ We recognize that the collateral estoppel doctrine applies to each material issue of fact in the prior litigation, not just to "ultimate issues." 1B Moore's Federal Practice ¶¶ 0.442[2] and 0.443[2] (2d ed. 1974). Some issues of fact in the probate court, such as whether appellee drew the will, are similar, if not identical, to the issues in the present case. However, the nature of the conduct required to impose personal liability in tort is so unlike that required to render a will invalid that refusing to allow evidence on all issues in this case would offend against the fourth test enumerated in *Pomeroy v. Waitkus, supra.* Appellee would be denied a full and fair opportunity to litigate the issues in either court.

■ To invoke the res judicata effect of collateral estoppel, the prior adjudication also must have been between the same parties or their privies. *Pomeroy v. Waitkus, supra.* Appellee contends he was not a party to the probate proceeding and was not in privity with his wife, who was a party as proponent of the will. Although the contention may have merit, we need not decide the issue. Because we have found there is insufficient identity of issues and no full and fair opportunity to litigate the issues in the prior adjudication, we must hold the requirements for invoking the collateral estoppel doctrine are not satisfied.

Appellant complains of being forced to go forward with a "witnessless" trial. The district court, however, correctly defined the issues, both in the pretrial order and the jury instructions. Appellant had the opportunity to present additional evidence that might have obtained a jury verdict in her favor. There was no error in refusing to apply the doctrine of collateral estoppel in this case.

Affirmed.