**George W. HUFFEY and Jean Huffey, Appellants,**

v.

**Joseph LEA, Dorothy Lea, Gilbert Lea, Florence Flaherty, Linda Racek, Theresa Lea, Anthony Lea, Lavonne Lea–Peterson, Donna Lea–Faber, Ambrose Lea, and Eunice Lea, Appellees.**

No. 91–515.

Supreme Court of Iowa.

Oct. 21, 1992.

Rehearing Denied Nov. 25, 1992.

David J. Dutton and J. Scott Bayne, Dutton, Braun, Staack, Hellman, and Iversen, Waterloo, for appellants.

Andrew P. Nelson, Meyer, Lorentzen and Nelson, Decorah, for appellees Lavonne Lea–Peterson, Gilbert Lea, Donna Lea–Faber and Florence Flaherty.

Mary Jane White, Decorah, for appellees Ambrose Lea and Eunice Lea.

Harry L. Haywood, Eldora, for appellee Dorothy Lea.

Michael J. Moon, Cartwright, Druker and Ryden, Marshalltown, for appellee Theresa Lea.

J. Vance Jorgensen, Mason City, for appellee Joseph Lea.

Michael A. Smith, of Lundy, Butler and Smith, P.C., Eldora, for appellee Anthony Lea.

SCHULTZ, Justice.

The principal issue on appeal is whether the doctrine of claim preclusion prevents an action for tortious interference with a bequest when the action is not brought with the underlying will contest. The district court and the court of appeals held that the failure to join the tort action with the will contest bars a later action. We disagree.

This is a dismissal of the action based on the pleadings; therefore, we accept those allegations as true. We also take judicial notice of the appellate decision involving the will contest, *Matter of Estate of Olson*, 451 N.W.2d 33 (Iowa App.1989).

This appeal has its genesis in the wills of Hjalmar Olson and his wife Margaret, whose maiden name was Lea. Following their marriage in 1946, Margaret and Hjalmar lived on a farm until their deaths in 1986. The Olsons did not have children; however, they had a close relationship with Hjalmar's nephew, George Huffey. Huffey lived with the Olsons for several years and after that was a tenant on the Olson farm. For further details of the relationship, *see Matter of Estate of Olson*, 451 N.W.2d at 35.

On June 18, 1986, two days after Hjalmar's death, Margaret executed a will. Under this will, she, like her husband before her, provided that the Olson farm should become the property of George Huffey. In July 1986, Margaret executed a new will revoking her June 18 will. Under the new will, George Huffey would not receive the Olson farm and her brother, Ambrose Lea, and his children would receive the bulk of her estate.

Margaret died in August 1986 and the July will was admitted to probate. George and Jean Huffey (Huffeys) commenced an action contesting the will. The case was tried to a jury which found that Margaret lacked testamentary capacity and that the July will was procured by undue influence. The defendants to the will contest successfully moved for a judgment notwithstanding the verdict and a new trial. On appeal, the court of appeals reinstated the jury verdict. *Id.* at 37.

On December 5, 1990, plaintiffs commenced this action against defendants Ambrose Lea, Eunice Lea, his wife, and

their children (Leas). We are concerned with the tort actions which are counts one and two of the petition, maintaining that the defendants unduly influenced Margaret and tortiously interfered with her intent to devise her farm to George. They seek money damages for legal fees, loss of farming time, mental anguish and embarrassment.

In addition to dismissing the tort action under the doctrine of claim preclusion, the district court gave an additional ground for dismissing Jean Huffey's claim by ruling that she was not a real party in interest. The court also granted Donna Lea–Faber's motion to quash service. The court did not rule on the affirmative defense that the action was barred by the statute of limitations.[1] Huffeys challenge these rulings on appeal. Leas cross-appeal on the court's failure to rule on their limitation defense. Our review is for errors at law. *See* Iowa Rule of Appellate Procedure 4.

■ I. *Tortious interference with a bequest.* In *Frohwein v. Haesemeyer*, 264 N.W.2d 792 (Iowa 1978), we recognized a law action for tortious interference with a bequest. *Id.* at 795. We explained that we could see no compelling reason for not extending the tort of wrongful interference with business advantage to a noncommercial context. *Id.* Intentional interference with an existing or prospective contract is described in *Restatement (Second) of Torts*, sections 766A and 766B (1979), and continues to be recognized in Iowa as a basis for recovery of damages in civil tort actions. *Nesler v. Fisher & Co., Inc.*, 452 N.W.2d 191, 194–96 (Iowa 1990).

■ The Restatement also has addressed the concept of wrongful interference within other forms of advantageous economic relations. *Restatement (Second) of Torts*, ch. 37A (1979). Under this chapter, section 774B relates to the tort of intentional inter-

ference with inheritance or gift. This section provides:

> One who by fraud or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to others for the loss of the inheritance or gift.

In discussing the remedies available under this section, the Restatement recognized that the normal remedy for the loss suffered by the one deprived of the legacy or gift is an action in tort. § 774B cmt. e. These remedies include recovery of damages for pecuniary loss, consequential loss and emotional distress. *Restatement* § 774A. A claim for emotional distress in tortious interference claims does not require proof of outrageous conduct. *Nesler*, 452 N.W.2d at 199–200.

II. *The doctrine of claim preclusion.* As previously indicated, the fighting issue involves application of the doctrine of claim preclusion to Huffeys' tort action. Leas defend the district court's ruling by asserting that the tort action involves the same "claim" that was advanced in Huffeys' prior will contest. As an initial matter, we discuss the doctrine of claim preclusion.

■ As a general rule, the doctrine of claim preclusion bars further litigation on the same "claim" or cause of action. *See Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 859–60 (Iowa 1990). Under this doctrine, an adjudication in a former suit between the same parties on the same claim "is final as to all matters which could have been presented to the court for determination, and a party must litigate all matters growing out of its claim at one time rather than in separate actions." *Id.* at 860. The court explained:

> Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim

---

1. We note that some of the defendants have raised an issue not addressed by the trial court. They claim that during the will contest the trial court specifically instructed the jury that they could only find that Dorothy and Theresa Lea were disposed to unduly influence Margaret Ol-

son and there was no legal issue of undue influence on the part of the other defendants. A ruling on a motion to dismiss is confined to the pleadings, and we believe that this is a matter more suited for a ruling after the record is expanded.

piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial.

. . . .

[To make that determination, it] is necessary to determine whether plaintiff's first and second actions were the same claim or cause of action within the meaning of this principle.

*Id.* (quoting *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976)). A second claim is likely to be considered the same as a first claim, and therefore precluded, "if the acts complained of, and the recovery demanded, are the same, or when the same evidence will support both actions." *Leuchtenmacher*, 460 N.W.2d at 860. We now examine whether the will contest and the tort action are the same claim or cause of action within the meaning of claim preclusion. We do not believe that they are.

When a will is contested on grounds of undue influence and lack of testamentary capacity, as it was here, the required proof focuses on the testator's mental strength and intent and whether infirmities or undue influence have affected the disposition of property under the will. *See Olson*, 451 N.W.2d at 36. The necessary proof in an action for intentional interference with a bequest or devise focuses on the fraud, duress, or other tortious means intentionally used by the alleged wrongdoer in depriving another from receiving from a third person an inheritance or gift. Restatement (Second) of Torts § 774B (1979). Stated simply, in a will contest, the testator's intent or mental state is the key issue; in an intentional interference case, the wrongdoer's unlawful intent to prevent another from receiving an inheritance is the key issue. Because of the differences in proof, the actions are not the same nor will the same evidence necessarily support both actions.

In addition, the recovery demanded in the will contest and in this action for intentional interference is not the same. In the will contest, the recovery demanded was the setting aside of the will procured by undue influence. In this action for intentional interference, the recovery demanded is for attorney fees, value of Huffey's time lost in his farm operation, and mental anguish incurred in contesting the will. Obviously, the setting aside of the will did not provide Huffey with recovery of his consequential damages. Huffey also requested an award of punitive damages based on intentional and malicious conduct of defendants. An adequate remedy has not been provided by the mere setting aside of the will.

Our research has produced one case that seems to be relevant and corresponds with our situation. In *Peffer v. Bennett*, 523 F.2d 1323 (10th Cir.1975), the plaintiff brought an action in federal court for malicious interference with prospective right of inheritance to recover attorney fees and other expenses incurred in a will contest in state court. In the will contest, the probate court found that there was undue influence and invalidated a portion of the will. The plaintiff sought to estop the defendant from litigating the issue of actual fraud in her action for malicious interference. On appeal, the Tenth Circuit held that under Colorado law, the issues of undue influence and intentional interference were not the same. *Id.* at 1326. The Tenth Circuit court reasoned that the probate court found only that there was undue influence which affected the disposition of property made in the will; while the tort of malicious interference with the prospective right of inheritance requires proof of actual intent whether the unlawful means employed is a fraud or undue influence. *Id.* Although the court in *Peffer* considered issue rather than claim preclusion, the discussion of issue preclusion presupposes that the court believed undue influence and malicious interference were separate claims. We agree with this reasoning and result.

We are aware that other jurisdictions have held that successful will contestants cannot bring a subsequent action for tortious interference with inheritance rights. *See, e.g., Smith v. Chatfield*, 797 S.W.2d 508 (Mo.App.1990). We believe these cases are either distinguishable or do not fit within the principles of our tort law.

The damages sought in *Smith* were for costs and attorney fees in contesting the will. The Missouri court concluded that plaintiff received a complete remedy in the prior will contest. *Smith*, 797 S.W.2d at 510. We are strongly committed to the rule that attorney fees are proper consequential damages when a person, through the tort of another, was required to act in protection of his or her interest by bringing or defending an action against a third party. *Kimmel v. Iowa Realty Co., Inc.*, 339 N.W.2d 374, 380 (Iowa 1983). Moreover, the court in *Smith* noted that it was "not convinced that the rule against splitting causes of action will always preclude a subsequent tort action." *Smith*, 797 S.W.2d at 509–10 (quoting *McMullin v. Borgers*, 761 S.W.2d 718, 720 (Mo.App. 1988)).

An Illinois appeals court held that a litigant cannot bring a tortious interference action unless it can be shown that a will contest was not available or would not provide adequate relief. *In re Estate of Knowlson*, 204 Ill.App.3d 454, 149 Ill.Dec. 813, 562 N.E.2d 277, 280 (1990). Thus, that jurisdiction does not recognize a second action except in those cases where there is not adequate relief in the will contest. The Illinois court did not speak to the matter of attorney fees and costs.

Other courts have held that a person cannot bring an action for intentional interference if adequate relief is available in a probate proceeding. *DeWitt v. Duce*, 408 So.2d 216, 218–20 (Fla.1981); *Johnson v. Stevenson*, 269 N.C. 200, 152 S.E.2d 214, 217 (1967).

Our review of the cases indicates that there is no bright-line rule requiring that the two actions be brought together. Rather, the case law suggests that those courts considered factors such as: (1) whether the plaintiff first sought a probate remedy or whether bringing a probate remedy was even possible (e.g., in the case of a destroyed will or in a case in which the alleged wrong was not discovered until after the probate proceedings were completed); (2) whether any probate remedy obtained by the plaintiff was adequate and provided plaintiff with a complete remedy; (3) whether it was possible to litigate all issues in the probate court; and (4) whether the particular state probate court had jurisdiction of the tort claim.

Although there is some overlap, we do not believe the same evidence supports the will contest and the action for intentional interference with a bequest. Further, we agree with plaintiffs that a complete remedy could not be provided in the will contest because of additional costs involved in the appeals process. Therefore, we hold the district court erred in dismissing Huffeys' action against these defendants under the doctrine of claim preclusion.

■ III. *Jean Huffey's claims.* Huffeys' petition alleges that Margaret executed a will on June 18 in which she gave the residue of her estate, which included the farm, to George Huffey. Huffeys did not allege any loss of property interest by George's wife, Jean. In response to Leas' motion to dismiss, the trial court ruled that Jean had failed to state a claim on which relief can be granted, and is not a real party in interest. On appeal, Huffeys maintain Jean has an interest because she was a beneficiary under the July will, annulled in the will contest, and because she has a statutory share of real property possessed by her husband at anytime during the marriage.

■ A party plaintiff must have capacity to sue in order to commence and maintain an action. *Dumbaugh v. Cascade Mfg. Co.*, 264 N.W.2d 763, 765 (Iowa 1978). Our test for standing is that "the complaining party have a specific, personal, and legal interest in the litigation, and be injuriously affected." *Hawkeye Bancorporation v. Iowa College Aid*, 360 N.W.2d 798, 801 (Iowa 1985). We fail to see where plaintiffs' pleadings alleged Jean's interest in the litigation. Her claim of such an interest pursuant to Iowa Code sections 633.211 and 633.212, provisions for share of surviving spouse, vests upon the death of the spouse. *In re Estate of Jones*, 239 Iowa 1364, 1366, 35 N.W.2d 36, 38 (1948). Unlike her husband, Jean Huffey was not a beneficiary to the June will and cannot

claim that she had a direct interest in contesting the July will. We conclude the trial court correctly dismissed her cause of action.

■ **IV.** *Lea–Faber's motion to quash service.* Huffeys attempted service on defendant Donna Lea–Faber through the provisions of Iowa Code section 617.3 (1989), the long-arm statute. Lea–Faber sought to quash the service of notice, claiming she had not received notice because it had not been mailed to her current address. Prior to a ruling by the district court, Lea–Faber joined a motion to enlarge rulings filed by defendant Joseph Lea. We conclude that Lea–Faber generally appeared when she joined this motion. *Cf. Fisher v. Keller Indus., Inc.,* 485 N.W.2d 626, 628 (Iowa 1992). Consequently, we hold the district court erred in quashing the service of notice and dismissing Lea–Faber from the cause of action.

**V.** *Statute of limitations.* In their motions to dismiss, Leas raised the affirmative defense that the action was barred by the statute of limitation, Iowa Code section 614.1(2) (1989). This section provides that actions, "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty," be brought within two years after the cause accrues. Huffeys claim that the five-year period of Iowa Code section 614.1(4) (1989), covering damage to property, is applicable. Under its ruling dismissing the action, the district court did not address this matter. Upon remand, the district court, at an appropriate time, must rule on these defenses.

**VI.** *Summary.* In summary, we vacate the decision of the court of appeals and affirm that portion of the district court's ruling dismissing Jean Huffey's action against the defendants. We reverse the district court's ruling quashing service on Donna Lea–Faber and the dismissal of George Huffey's action on grounds of claim preclusion against all defendants. We remand to the district court for further proceedings by George Huffey against all defendants. Costs are assessed one-half to Jean Huffey and the balance to all other defendants.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

All Justices concur except McGIVERIN, C.J., joined by NEUMAN, J., who dissent.

McGIVERIN, Chief Justice (dissenting in part).

I respectfully dissent in part from the result of the majority opinion and would affirm the district court's dismissal of plaintiffs' petition in its entirety.

I. The main issue in division II of the majority opinion involves whether plaintiff George Huffey should be able to maintain the present action for tortious interference with a bequest. For the reasons that follow, I believe he should be precluded from doing so.

As an initial matter, Huffey's petition essentially asserts that defendants tortiously interfered with Huffey's expectancy of a bequest or devise from Margaret Olson.

We recognized the common law claim of tortious interference with a bequest or devise in *Frohwein v. Haesemeyer,* 264 N.W.2d 792 (Iowa 1978). We noted in *Frohwein* that the plaintiff therein was precluded from instituting a will contest in probate court due to the running of the applicable limitations period. 264 N.W.2d at 793 (citing Iowa Code § 633.309 (1975), as amended). We nevertheless held that the plaintiff was not precluded from pursuing a law action against certain defendants for their alleged wrongful interference with a bequest. *Id.* at 795. Huffey contends that, because of our conclusion in *Frohwein,* he should not be precluded from pursuing his present law action despite the fact that he has already concluded a successful will contest in probate. I believe this argument misconstrues our conclusion in *Frohwein* and the rationale underlying the doctrine of claim preclusion.

There are two main reasons that support the trial court's dismissal of plaintiff George Huffey's petition.

*A. An adequate remedy has already been provided.* The Huffeys succeeded in their will contest to have Margaret Olson's July 1986 will set aside and her June 1986 will probated. Under the June will, George Huffey would receive most of Margaret's estate, including several hundred acres of farm land. As the Huffeys succeeded in having this will probated, George evidently then received everything to which he was entitled under the will. This is the most he could have received if the June will had been probated in the first place. Therefore, I believe this is all the remedy to which George Huffey is entitled.

The vast majority of courts require a plaintiff to first institute a will contest in probate before plaintiff is allowed to pursue a claim for tortious interference with a bequest. *E.g., McGregor v. McGregor,* 101 F.Supp. 848 (D.Colo.1951); *DeWitt v. Duce,* 408 So.2d 216 (Fla.1981); *Estate of Jeziorski,* 162 Ill.App.3d 1057, 114 Ill.Dec. 267, 516 N.E.2d 422 (1987); *Robinson v. First State Bank,* 97 Ill.2d 174, 73 Ill.Dec. 428, 454 N.E.2d 288 (1983); *Smith v. Chatfield,* 797 S.W.2d 508 (Mo.Ct.App.1990); *Johnson v. Stevenson,* 269 N.C. 200, 152 S.E.2d 214 (1967). Our *Frohwein* case, 264 N.W.2d 792, puts Iowa in a distinctly minority position of not requiring a plaintiff to first bring a will contest.

Most courts hold that a plaintiff who succeeds in a will contest is thereafter *not* entitled to pursue a claim for tortious interference with a bequest because plaintiff received in the will contest his or her full expectancy under the will and thus suffered no actual damages. *E.g., DeWitt,* 408 So.2d at 220; *In re Estate of Hoover,* 160 Ill.App.3d 964, 112 Ill.Dec. 382, 513 N.E.2d 991, 992 (1987); *McMullin v. Borgers,* 761 S.W.2d 718, 720 (Mo.Ct.App.1988); *Johnson,* 152 S.E.2d at 217.

Additionally, the majority of courts then allow plaintiff to pursue a claim for tortious interference with a bequest *only* if there are special circumstances making the will contest remedy inadequate. *E.g.,*

*McGregor,* 101 F.Supp. at 850 (plaintiff may pursue tort claim if will contest is impossible); *DeWitt,* 408 So.2d at 219 (plaintiff may bring tort action if unable to discover fraud until after probate period had run, or if defendant tortiously induced inter-vivos transfer of estate assets, or if plaintiff unable to establish a maliciously destroyed will); *Jeziorski,* 114 Ill.Dec. at 271, 516 N.E.2d at 426 (plaintiff may pursue tort action if defendant induced inter-vivos transfers of estate assets and most probate assets were outside of estate); *Johnson,* 152 S.E.2d at 217–18 (plaintiff may pursue tort claim if fraud was practiced directly on plaintiff or on probate court regarding the probate of a will); *King v. Acker,* 725 S.W.2d 750, 756 (Tex. Ct.App.1987) (plaintiff may pursue tort claim if expended extraordinary fees, such as administrator's fees, in pursuing will contest).

In this case, Huffeys succeeded in their will contest and had the June will probated. Therefore, George Huffey received everything he would have received under the June will. He does not allege any *special circumstances* indicating his remedy in probate was in any way inadequate or that he did not receive everything to which he was entitled under the June will. Because all of his expectations under the June will have thus been fulfilled, I would hold that George Huffey has suffered no damages and thus should be precluded from obtaining further remedies through a tort action. He should not be allowed two bites at the same apple.

Furthermore, the Iowa court will stand virtually alone in allowing a plaintiff, after a successful will contest, to sue for tortious interference with a bequest when plaintiff has not shown that the will contest remedy was inadequate. Only *one* other court has allowed a plaintiff to pursue, with no allegation of receiving an inadequate probate remedy, a claim for tortious interference with a bequest after successfully contesting a will in probate court. *See Peffer v. Bennett,* 523 F.2d 1323 (10th Cir.1975). The majority seems to base its holding on that one case.

In any event, it appears George Huffey would be unable to recover many, if any, of the damages he seeks in his claim for tortious interference with a bequest. I have found no case that allows a plaintiff claiming tortious interference with a bequest to receive damages for lost work time or mental anguish and embarrassment, for which George Huffey asks in his petition. Most other courts do not allow plaintiffs to recover punitive damages in claims for tortious interference with a bequest because plaintiff is only allowed to recover what he or she expected to receive under the will, and plaintiff does not expect to receive punitive damages under a will. *DeWitt*, 408 So.2d at 220; *Hoover*, 513 N.E.2d at 992; *Smith*, 797 S.W.2d at 510; *McMullin*, 761 S.W.2d at 720.

At most, Huffey could recover attorney fees. One court that did allow plaintiffs to receive punitive damages specifically noted the jury there had been instructed it could consider attorney fees when considering punitive damages, and that the punitive damages awarded happened to be the exact amount of plaintiff's attorney fees. *King*, 725 S.W.2d at 756–57. In *Peffer*, the court allowed plaintiffs to pursue their tortious interference claim only to recover damages which the probate court could not have provided, which in that case were attorney fees. 523 F.2d 1323.

I believe Huffey received an adequate remedy in probate because he received everything to which he was entitled under Margaret's June will. Because all of his expectations under the June will have thus been fulfilled, I would hold George Huffey is not entitled to any further reward and is thus precluded from pursuing a claim for tortious interference with a bequest, which is substantially the same claim made in the will contest action.

*B. Claim preclusion bars the present action.* I furthermore believe res judicata, specifically claim preclusion, precludes Huffey from pursuing a claim for tortious interference with a bequest because those tort elements are virtually identical to those for undue influence, the claim upon which he contested the July will.

As a general rule, the doctrine of claim preclusion bars further litigation on the same "claim" or cause of action. *See Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 859–60 (Iowa 1990). Under this doctrine, an adjudication in a former suit between the same parties on the same claim "is final as to all matters which could have been presented to the court for determination, and a party must litigate all matters growing out of its claim at one time rather than in separate actions." *Id.* at 860; *see also Gail v. Western Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989) (final judgment on merits of action precludes relitigation of issues which were *or could have been* raised).

Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his *entire* claim or put forth his entire defense in the case on trial.

. . . .

[To make that determination, it] is necessary to determine whether plaintiff's first and second actions were the same claim or cause of action within the meaning of this principle.

*Leuchtenmacher*, 460 N.W.2d at 860 (emphasis added) (quoting *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976)).

A second claim is likely to be considered the same as a first claim, and therefore precluded, "if the acts complained of, and the recovery demanded, are the same, or when the same evidence will support both actions." *Id.* More specifically, when a valid and final judgment rendered in an action extinguishes the plaintiff's claim, "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (quoting Restatement (Second) of Judgments § 24, at 196 (1982)).

I believe Huffey's action for tortious interference with a bequest constitutes basically the same "claim" as the undue influence claim upon which his prior will contest

was based. An examination of the elements of each claim reveals that they are in substance the same. We have said that the elements necessary to sustain a finding of undue influence in the execution of a will in a will contest in probate include: (1) the testator's susceptibility to undue influence; (2) opportunity to exercise such influence and effect the wrongful purpose; (3) disposition to influence unduly for the purpose of procuring an improper favor; and (4) a result clearly the effect of undue influence. *See In re Estate of Dankbar,* 430 N.W.2d 124, 128 (Iowa 1988). Similarly, an action for intentional interference with a bequest or devise may be maintained where "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received...." *See* Restatement (Second) of Torts § 774B, at 58 (1965).

Although the legal elements of each claim do not parallel one another with mathematical precision, it is apparent from the general nature of each, and from review of the pleaded facts in this case, that a law action for tortious interference with a bequest necessarily must be supported by the same facts and evidence supporting a will contest in probate based on undue influence. The Restatement specifically provides that a law action for tortious interference applies "when a testator has been induced by tortious means to make his first will or not to make it; *and it applies also when he has been induced to change or revoke his will or not to change or revoke it."* *See* Restatement (Second) of Torts § 774B comment *b,* at 58 (1965) (emphasis added).

The majority states that an action for undue influence focuses on the testator's intent. However, I point out that the second and third elements of undue influence (*opportunity* to exercise undue influence and *effect* a wrongful purpose, and *disposition* to unduly influence) specifically address the *wrongdoer's* intent, rather than the testator's intent. The wrongdoer's disposition (intent) to unduly influence the testator in undue influence is necessarily the

same intent exhibited in a claim involving tortious interference with a bequest or a devise. Thus, both actions involve the same "claim" for purposes of applying the doctrine of claim preclusion.

This conclusion is not altered by the mere fact that Huffey is presently seeking a remedy (damages) different from the remedy sought in the will contest (the setting aside of the will). This is because the rule barring subsequent actions on the same claim applies even though the plaintiff in a subsequent action is prepared to "present evidence or grounds or theories of the case not presented in the first action" or to "seek remedies or forms of relief not demanded in the first action." *See* Restatement (Second) of Judgments § 25, at 209 (1982).

> Where the plaintiff may in one action claim two or more remedies cumulatively rather than alternatively, all arising from the same transaction, but seeks fewer than all of these remedies, and a judgment is entered that extinguishes the claim under the rules of merger or bar, he is precluded from maintaining another action for the other remedies.

*See* Restatement (Second) of Judgments § 25 comments *c* and *j,* at 211, 221 (1982). Attorney fees are simply one additional remedy Huffey could have sought at the same time he sought to have the July will set aside.

Furthermore, this conclusion is in no way inconsistent with our holding in *Frohwein.* As stated above, we allowed the plaintiff in *Frohwein* to proceed with his law action for tortious interference with a bequest despite being precluded by the applicable limitations period from bringing a probate action contesting the validity of the will. 264 N.W.2d at 795. However, this result in *Frohwein* does not foreclose my conclusion that a subsequent tort action may not be maintained if the tort claimant has already concluded a will contest in probate. We specifically acknowledged in *Frohwein* that the "plaintiff's petition in the law action *could have been presented in a will contest."* 264 N.W.2d at 795 (emphasis added).

Finally, there is nothing in our probate code that would have precluded Huffey from pursuing his law action in conjunction with his will contest. *See* Iowa Code § 633.33 ("Actions to ... contest wills ... shall be triable in probate as law actions...."); Iowa Code § 633.311 (same); *see also Cleghorn v. Benjamin*, 239 Iowa 455, 459, 31 N.W.2d 887, 889 (1948) (probate court has same jurisdiction as it would have in either law or equity). Therefore, the district court would have had jurisdiction of both claims had they both been brought at the same time.

Thus, I would hold that will contestants such as George Huffey must join with his probate action any claim against alleged wrongdoers for tortious interference with a bequest if he seeks a remedy beyond the mere setting aside of the will. *See* Iowa R.Civ.P. 22; Iowa Code § 633.312.

This view is supported by authority from other jurisdictions. For example, in *Jeziorski,* the court held that successful will contestants properly asserted their tortious interference claim in the probate proceeding because subsequent actions for malicious interference with an expectancy would constitute an impermissible collateral attack on the order admitting the will to probate since the claim could have been asserted with the will contest in the probate proceedings. 516 N.E.2d at 424–25 (citing *Nemeth v. Banhalmi,* 125 Ill.App.3d 938, 81 Ill.Dec. 175, 188, 466 N.E.2d 977, 990 (1984)). Other courts have endorsed a general policy of requiring probate claimants to join in a will contest any claims for tortious interference with a bequest or inheritance. *See, e.g., Nemeth,* 81 Ill.Dec. 175, 466 N.E.2d 977 (tortious interference claim properly brought in probate with will contest); *DeWitt,* 408 So.2d 216 (plaintiffs could not pursue tortious interference claim after failing to contest will in probate); *Johnson,* 152 S.E.2d 214 (grounds for tortious interference were same as for will contest, thus tort not available after probate proceedings concluded); *In re Estate of Legeas,* 210 Cal.App.3d 385, 258 Cal.Rptr. 858 (1989) (judicial economy and practicality demand tortious interference

claim be brought in probate with will contest).

Because the same facts and evidence may be used to prove both undue influence and tortious interference with a bequest by an alleged wrongdoer, judicial economy policies and claim preclusion rules require that both claims be brought and heard together.

II. I would agree with the result in division III of the majority opinion that affirms the trial court's dismissal of plaintiff Jean Huffey's claim.

Additional analogous authority that Jean Huffey is not a real party in interest is *Estate of Pearson,* 319 N.W.2d 248 (Iowa 1982) (testator's daughter-in-law was not an interested party with standing to contest his will merely because there was pending a dissolution action commenced after the testator's death giving the daughter-in-law a beneficial interest in the contest because she would have received pecuniary benefits by way of property, alimony, and child support if her husband received a share of the testator's estate).

III. For the above reasons, I respectfully dissent from the result reached by the majority. The court of appeals was correct in affirming the district court's dismissal of counts I and II of plaintiffs' petition.

NEUMAN, J., joins this dissent.