Eric PLOUGH, By and Through his next friend and mother Linda PLOUGH, Appellant,

v.

WEST DES MOINES COMMUNITY SCHOOL DISTRICT; West Des Moines Community School District Board of Directors, Appellees.

No. 95–1410.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1995.

Decided Nov. 8, 1995.

Richard Henry Doyle IV, Des Moines, Iowa, argued. In addition the name of (Michael J. Galligan, on the brief), for appellant.

David M. Swinton, Des Moines, Iowa, argued. (Andrew J. Bracken, on the brief), for appellees.

Before BOWMAN, ROSS, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Eric Plough brought this 42 U.S.C. § 1983 action against the West Des Moines School District (the School District) claiming it violated his due process rights during disciplinary hearings against him. The district court [1] granted summary judgment in favor of the School District finding that Plough was barred by the doctrine of res judicata from relitigating his claim in federal district court. Plough appeals. Because Plough has already had a full and fair opportunity to litigate these matters in the state forum, we affirm.

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

## I. BACKGROUND

After admitting he had been in possession of lysergic acid diethylamide (LSD) on school grounds in violation of the school's substance abuse policy, Plough was given a hearing by the School District's Board of Directors (School Board). Following the adversarial hearing at which Plough was present and represented by counsel, the School Board retired for private consideration of the case. During this discussion, two School Board members spoke out against Plough, claiming personal knowledge about his case.[2] The School Board subsequently voted to suspend and expel Plough from school.[3] Because Plough was unaware of the improper statements until after the School Board's decision, he had no chance to question the School Board members or refute their allegations.

Plough appealed to the Iowa State Board of Education (State Board) claiming the School Board violated his due process rights by considering what amounted to testimony by the School Board members. On appeal, the State Board held an evidentiary hearing[4] and affirmed the School Board's disposition of the case. Plough did not appeal this decision to the Iowa district court, as was his right under Iowa law.

Plough then filed this section 1983 action in federal district court against the School District and its Board of Directors. He sought damages and expungement of any reference to suspension or expulsion from his school record. The district court granted the School District's motion for summary judgment on res judicata grounds. Plough appealed.

## II. DISCUSSION

On appeal, Plough argues that summary judgment was inappropriate because it incorrectly gave preclusive effect to the State Board's decision on his due process claim. Summary judgment is proper only when no genuine issue of material fact is present and judgment should be awarded to the movant as a matter of law. *Percival v. General Motors Corp.*, 539 F.2d 1126, 1128 (8th Cir. 1976). Because of the extreme nature of summary judgment, it "should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy." *Jewson v. Mayo Clinic*, 691 F.2d 405, 408 (8th Cir. 1982). We review the entry of summary judgment de novo, giving the nonmoving party the benefit of every inference drawn from the evidence. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984) (citing *Bryan v. Aetna Casualty & Surety Co.*, 381 F.2d 872, 875 (8th Cir.1967)).

The district court granted summary judgment for the defendants, finding that the doctrine of res judicata barred

---

2. As the State Board found:

   One member of the Board of directors made statements of purported fact in reference to Eric's past experience with drugs and other problems that were not based on evidence submitted to the Board. A director also spoke as if relatively in-depth conversations between this Board member and Appellant Mrs. Plough had occurred in the past; Mrs. Plough denied having anything but social exchanges with the director in the past. Most of the other areas of executive session discussion to which Appellant directs our attention involved directors' assessments of Eric's credibility.

   Joint Appendix at 44 (citation omitted).

3. Plough was suspended for the remainder of the first semester of the 1991–92 school year and expelled for the second semester of that same year. The school's administration had recommended the expulsion because the LSD incident was Plough's second violation of the school's

substance abuse policy. Plough's first violation occurred in October 1990 when he arrived at school intoxicated after consuming alcohol at a friend's house. Plough was suspended from school for five days for that violation. His second violation, the subject of this appeal, was the purchase of LSD from a fellow student while in school.

4. The de novo hearing occurred before a panel of the State Board which consisted of an administrative law judge and two other members designated by the State Director of Education. Linda Plough (Eric's mother) and her counsel appeared at this hearing. Eric Plough, however, was not present because he was attending high school in Minnesota at the time. After taking evidence, the panel recommended that the State Board affirm the School Board's expulsion decision. The State Board subsequently adopted the panel's findings.

Plough's section 1983 action.[5] As used by the district court, the term "res judicata," includes both issue and claim preclusion. *See, e.g., Migra v. Warren City School Dist.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Issue preclusion, or collateral estoppel, provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). *See also Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981). Claim preclusion, or res judicata, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. at 94, 101 S.Ct. at 414 (citing *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876)).

## A. Issue Preclusion

■ Because we are dealing with the factfindings of an agency, the Iowa State Board of Education, we must first determine wheth-er such factfindings are to be given preclusive effect. The applicable standard is:

> [W]hen a state agency "acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.

*University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986) (quoting *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)).[6] Thus, before examining the extent to which Iowa law would give the State Board's factual findings preclusive effect, the three *Elliott* "eligibility" factors must be considered. We find that all three prerequisites were met in the present case. First, the State Board was acting in a judicial capacity when it reviewed the School Board's decision.[7] Second, the State Board resolved issues of fact (the circumstances surrounding Plough's suspension and expulsion) properly before it. Third, Plough had an adequate opportunity to litigate the facts underlying his due process claim during the State Board's de novo review of the School Board's proceedings.[8]

5. Generally, a plaintiff need not exhaust his administrative remedies before bringing a section 1983 claim in federal district court. *See, e.g., Patsy v. Board of Regents,* 457 U.S. 496, 498, 102 S.Ct. 2557, 2558–59, 73 L.Ed.2d 172 (1982); *McNeese v. Board of Education,* 373 U.S. 668, 671, 83 S.Ct. 1433, 1435, 10 L.Ed.2d 622 (1963). Therefore, any claim that Plough was required to appeal the State Board's decision before bringing this section 1983 action is without merit. However, Plough's claim *is* subject to the doctrine of preclusion.

6. Using *Elliott* as precedent, the School Board argues that the adverse finding on the due process issue was based on factfindings which would be given preclusive effect under Iowa law. Plough, on the other hand, argues the State Board's legal conclusion that his due process rights were not violated cannot be given preclusive effect under *Elliott.* Although Plough is correct that the *Elliott* decision only deals with the preclusive effect of the State Board's factfinding, the doctrine of claim preclusion, as discussed *infra* at 8, affords preclusive effect to the State Board's legal conclusions. As the district court correctly found, both claim and issue preclusion bar Plough's section 1983 action. *Elliott*

bars relitigation of the *facts* on which Plough's claim is based and claim preclusion bars relitigation of the claim itself.

7. Under Iowa law, the "action of any agency falls within the general adjudication category when it determines the rights, duties and obligations of specific individuals as created by past transactions or occurrences." *Polk County v. Iowa State Appeal Bd.,* 330 N.W.2d 267, 277 (Iowa 1983) (citing *Board of Supervisors v. Dep't of Revenue,* 263 N.W.2d 227, 239 (Iowa 1978)).

8. Plough had a two-day evidentiary hearing before the State Board. The hearing was adversarial and adjudicative in nature. Plough had the opportunity to cross-examine witnesses and to call witnesses to testify under oath. Joint Appendix at 91. Consequently, Iowa state courts would give the State Board's factual findings preclusive effect. *Cf. Iowa Elec. Light and Power Co. v. Lagle,* 430 N.W.2d 393, 398 (Iowa 1988) (denying preclusive effect to factual issues decided in an earlier informal proceeding by the Iowa Utilities Board because the hearing lacked most of the protections Plough was afforded including the adversarial hearing, chance to present evi-

■ To comply with *Elliott*'s mandate that an agency's factfindings be given the "same" preclusive effect as under state law, we must next determine the preclusive effect an Iowa court would give the factfindings. *See Migra*, 465 U.S. at 81, 104 S.Ct. at 896. Under Iowa law, issues of fact are given preclusive effect if: (1) the issue of fact concluded is identical to that concluded in the prior action; [9] (2) the issue of fact was raised and litigated in the prior action; (3) the issue of fact was material and relevant to the disposition of the prior action; and (4) the determination made of the issue of fact in the prior action was necessary and essential to the resulting judgment. *Yancy v. McDevitt*, 802 F.2d 1025, 1027–28 (8th Cir.1986) (citing *Hunter*, 300 N.W.2d at 123).

The facts offered by Plough in support of his due process claim in federal district court were the same facts submitted to the State Board. The State Board considered and rejected Plough's factual allegations. The most important finding by the State Board was that Plough was not prejudiced by the addition of the improper testimony at his School Board hearing. A finding of prejudice, or a lack thereof, is a finding of fact. *See U.S. v. Pratt*, 31 F.3d 625, 627 (8th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 774, 130 L.Ed.2d 669 (1995); *In re South Carolina Press Ass'n*, 946 F.2d 1037, 1040 (4th Cir. 1991). That finding negates Plough's due process claim.

■ Plough argues the factual issues were not identical in the two proceedings because his requests for relief were not the same.[10] In addition to expungement of his school record, Plough requested damages, which were unavailable at the State Board level, in his section 1983 action. Plough's argument fails, however, as requested remedies need not remain the same in order for issue preclusive effect to be given a prior determination. *See, e.g., Utah Constr.*, 384 U.S. at 418, 86 S.Ct. at 1558 (holding an agency's factual findings were preclusive in a later suit even though the request for and ability to allow damages were not the same in the two proceedings); *Buckingham v. Federal Land Bank Ass'n*, 398 N.W.2d 873, 875 (Iowa 1987) (holding the addition of a request for punitive damages in second action did not prevent preclusion in that action as identity of issue was not altered).

■ The remaining three prerequisites for the application of issue preclusion under Iowa law are also satisfied in the present case. At the State Board level, an evidentiary hearing was conducted at which Plough raised and litigated his due process claim. The State Board's rejection of Plough's factual allegations, including his claim that he suffered prejudice, was clearly material to its disposition of the case as it was the basis for the State Board's affirmance of the School Board's action. Finally, both Plough's guilt and the finding of no prejudice were necessary findings in the State Board's affirmance of the School Board's expulsion. Had the State Board found Plough suffered prejudice, it would have reversed the School Board's decision. For the above reasons, therefore, Plough is barred by the doctrine of issue preclusion from relitigating these facts in federal court.

**B. Claim Preclusion**

■ Although issue preclusion adequately disposes of Plough's case, claim preclusion

---

dence, and the right to initiate formal proceedings).

9. The administrative action constituting the "prior action" for purposes of this discussion must be Plough's appeal to the State Board. As Plough was unaware that improper evidence had been presented against him at the School Board hearing, he was unable to litigate those facts in front of that board. No preclusive effect could therefore be given to the School Board's own determination of the facts surrounding Plough's due process claim.

10. Plough claims the State Board's inability to award him damages forced him to bring the present section 1983 action, and therefore, prevents the application of issue preclusion. *See Huffey v. Lea*, 491 N.W.2d 518, 521 (Iowa 1992). Although *Huffey* has language which appears to support Plough's identical damages argument, *Huffey* is distinguishable because in it, liability was established in the prior action. In Plough's case, however, no such liability existed as the due process claim was determined to be meritless by the State Board in its de novo review proceeding. Regardless of its inability to award damages, the State Board had no need to do so because it found no facts supporting a due process violation.

does so as well. Claim preclusion, or res judicata, "bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction." [11] *Smith v. Updegraff,* 744 F.2d 1354, 1362 (8th Cir.1984). The party against whom res judicata is to be used, however, must have had a full and fair opportunity to investigate and litigate the matter concluded. *Id.* Plough was afforded exactly that—a full and fair opportunity to litigate his due process claim in front of the State Board.

The federal district court was bound to give the State Board's decision the same preclusive effect as the state courts would. *See Migra,* 465 U.S. at 81, 104 S.Ct. at 896. Under Iowa law, an unreviewed administrative decision can be given preclusive effect in a later proceeding. *See Yancy,* 802 F.2d at 1028 (emphasizing the existence of numerous procedural safeguards which make school board decisions subject to preclusive effect in later proceedings). *See also Knudsen v. Chicago & North Western Transp.,* 464 N.W.2d 439, 444 (Iowa 1990). This is especially true regarding the preclusive effect of claims, such as Plough's, based on 42 U.S.C. § 1983 and involving the same subject matter as the prior proceeding. *Abramson v. Council Bluffs Community Sch. Dist.,* 808 F.2d 1307, 1309 (8th Cir.1987).

In this case, Plough attempts to litigate the same due process claim against the same defendants. This he may not do. The State Board specifically addressed Plough's due process claim and decided it adversely to him. That decision became final when Plough chose not to appeal it. He chose to litigate this claim in a state forum and is now barred from relitigating the same claim in federal court. *See, e.g., Clarke v. Redeker,* 406 F.2d 883, 885 (8th Cir.1969) (precluding section 1983 action for damages because earlier action seeking injunctive relief on essentially same facts had already been adjudicated), *cert. denied,* 396 U.S. 862, 90 S.Ct. 135, 24 L.Ed.2d 115 (1969).

We think it unfortunate that the School Board members injected improper testimony into Plough's expulsion proceeding, because it was not relevant. When dealing with matters as important as a student's right to be in school, such information should not be included as part of the discussion. However, in this case, any alleged error by the School Board was harmless as the State Board expressly found that Plough was not prejudiced by the additional testimony. Although we do not condone the School Board's actions, any error which occurred there was cured by the State Board's de novo review of the case. We have considered the remainder of Plough's arguments and find them to be without merit.

### III. CONCLUSION

In sum, Plough is barred from relitigating his due process claim in federal district court. He has already had a full and fair opportunity to litigate these matters before the Iowa State Board of Education. The order of the district court granting summary judgment in favor of the West Des Moines Community School District and its Board of Directors is affirmed.

---

11. " 'A final adjudicatory decision of an administrative agency . . . is entitled to res judicata effect as if it were a judgment of a court.' " *Yancy,* 802 F.2d at 1028 (quoting *City of Des Moines Police Dep't v. Iowa Civil Rights Comm'n,* 343 N.W.2d 836, 839 (Iowa 1984)).