# IN THE COURT OF APPEALS OF IOWA

No. 13-1887
Filed August 27, 2014

**RAMONA SPENCER,**
        Plaintiff-Appellant,

**vs.**

**JODI R. PHILIPP, JOHN A. PHILIPP,**
**2 JO'S FARM, LYNDA R. PAYNE,**
**ROBERT E. PAYNE, and LAURA**
**PALUMBO,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Stephen B. Jackson

Jr., Judge.

        Plaintiff appeals an order granting the defendants' motion to dismiss for

failure to state a claim upon which relief can be granted.  **AFFIRMED.**


        Jeffrey R. Tronvold and Matthew J. Reilly of Eells & Tronvold Law Offices,

P.L.C., Cedar Rapids, for appellant.

        Terry J. Abernathy and Stephanie L. Hinz of Pickens, Barnes

& Abernathy, Cedar Rapids, for appellees.


        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Ramona Spencer appeals the district court's order granting the defendants' motion to dismiss her claim for tortious interference with the parent-child relationship. "The purpose of the motion [to dismiss] is to test the legal sufficiency of the petition." *Turner v. Iowa State Bank & Trust Co.*, 743 N.W.2d 1, 3 (Iowa 2007). We review a district court's decision on a motion to dismiss for failure to state a claim for correction of errors at law. *See Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* "We will affirm a district court ruling that granted a motion to dismiss when the petition's allegations, taken as true, fail to state a claim upon which relief may be granted." *Id.*

The following allegations are taken as true. On February 14, 2008, Spencer stipulated her three children were in need of assistance within the meaning of Iowa Code chapter 232. On October 18, 2010, the juvenile court placed the children in the legal custody of the Iowa Department of Human Services (DHS). DHS placed the children with foster parents. After October 30, 2010, the defendants took steps to interfere with Spencer's parental rights, including, but not limited to: obstructing therapy sessions in contravention of the law; interfering with medical treatment; conspiring to thwart Spencer's reunification with her children; forcing the children to file false reports of sexual abuse; and threatening the children.

The parties agree Iowa has not recognized a cause of action for tortious interference with the parent-child relationship. While this is true, the cause of

action has not been disallowed either. *See Minor v. State*, 819 N.W.2d 383, 404 (Iowa 2012) ("As a preliminary note, there is some debate as to whether Iowa recognizes a cause of action for tortious interference with the parent-child relationship. We express no opinion as to whether Iowa recognizes this cause of action . . . .").

In support of her claim that Iowa should recognize a new cause of action, Spencer raises several arguments. First, she argues Iowa recognizes the similar and related claim of tortious interference with custody of a child. *See Wolf v. Wolf*, 690 N.W.2d 887 (Iowa 2005); *Wood v. Wood*, 338 N.W.2d 123 (Iowa 1983). The same policy concerns supporting that cause of action support recognizing Spencer's claim, she argues. Second, Iowa recognizes causes of action for tortious interference with interests of lesser importance than the parent-child relationship, viz. wills, prospective business relationships, and contracts. *See, e.g.*, *Huffey v. Lea*, 491 N.W.2d 518 (Iowa 1992); *Nesler v. Fisher & Co., Inc.*, 452 N.W.2d 191 (Iowa 1990); *Wolfe v. Graether*, 389 N.W.2d 643 (Iowa 1986). She argues it makes little sense to protect these interests while not protecting the more significant parent-child relationship. Third, Spencer notes at least two other jurisdictions recognize this cause of action. *See Kessel v. Leavitt*, 511 S.E.2d 720, 765-66 (W. Va. 1998) (holding putative biological father, who had equal rights to the child as did the mother, was able to bring a claim for tortious interference with parental relationship against third parties); *Stone v. Wall*, 734 So. 2d 1038, 1047 (Fla. 1999) (holding parent and natural guardian of minor child had valid tortious interference with custodial parent-child relationship claim against third-party abductors).

The defendants argue the court should not recognize the cause of action for tortious interference with the parent-child relationship. First, the defendants note Spencer seeks a cause of action against foster parents related to conduct occurring during the pendency of a related juvenile court proceeding, which distinguishes this case from the cases upon which Spencer relies. Second, the cases upon which Spencer relies involve one parent or custodian kidnapping a child. The policy concerns supporting a cause of action in that context are not applicable here. Third, defendants argue, the Iowa legislature already has created a civil remedy for a violation of parental rights. *See* Iowa Code § 710.9 (2013) (codifying cause of action for harboring a runaway child). From this, defendants argue, we can infer the legislature understands how to create a cause of action and chose not to create a cause of action for interference with the parent-child relationship. Fourth, the defendants argue other jurisdictions have rejected the cause of action. The defendants also argue the tort claim is not appropriate here because Iowa law vests exclusive jurisdiction over juvenile matters in juvenile courts, *see* Iowa Code § 232.61, and because recognition of the tort is not in the best interests of the child.

The parties make compelling arguments. However, those arguments are better directed elsewhere. As a general rule, the task of materially altering substantive or procedural rights is best left to the General Assembly or the Supreme Court of Iowa. *See, e.g.*, *Riniker v. Wilson*, 623 N.W.2d 220, 227 (Iowa Ct. App. 2000) (declining to adopt rule of procedure and stating such a change was "up to the legislature and/or our supreme court"). This is true even where public policy reasons might support recognition of a new cause of action. As our

court has previously stated, "[w]e leave it up to the legislature or our supreme court to establish new causes of action even when they appear to have merit." *Brooks v. Brooks*, No. 03-1217, 2004 WL 240207, at *2 (Iowa Ct. App. Feb. 11, 2004). As with the claim in *Brooks*, we decline to recognize a new cause of action.

Iowa law does not presently recognize a cause of action for tortious interference with the parent-child relationship. Thus, even when the averments in Spencer's pleading are taken to be true, the district court did not err in granting the defendants' motion to dismiss for failure to state a claim upon which relief could be granted. The judgment of the district court is affirmed.

**AFFIRMED.**