Charles J. McMULLIN, Appellant,

v.

Robert R. BORGERS, Respondent.

No. 54149.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Charles J. McMullin, Private Atty., St. Louis, for appellant.

Ted Frank Frapolli, Private Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Plaintiff appeals the summary judgment of four counts of his eight count petition for conspiracy and tortious interference with an inheritance and a business relationship. We affirm.

Plaintiff acted as attorney for testator for many years. Testator informed plaintiff as early as 1980 that he intended to leave plaintiff a bequest in his will and to name plaintiff as estate attorney. On July 2, 1981, one year before his death, testator executed a will wherein he designated plaintiff as a 3% residual beneficiary and named defendant, a friend, as a 14% residual beneficiary. Testator designated defendant as personal representative of the estate on the condition that he appoint plaintiff as estate attorney. On October 12, 1981, testator executed a second will. This will retained defendant as personal representative and increased his share to 15%. Plaintiff was omitted both as estate attorney and as a beneficiary and his former 3% share was distributed among the additional beneficiaries who otherwise retained the same percentages designated in the first will.

After testator's death, both wills were submitted to the probate court. The court rejected the first will on the grounds that it had been superseded by the second will; the court never addressed the question of

the second will's possible invalidity. Plaintiff considered filing a will contest, but decided against such an action. Instead, he chose to pursue the present tort action which he filed on January 21, 1983.

The parts of the petition affecting this appeal sought damages based on the claim that defendant took advantage of testator's age and diminished mental capacity to induce him to execute the second will. Plaintiff also claimed that defendant conspired with his attorney to deprive plaintiff of his benefits under the first will. He argues that these actions interfered with both plaintiff's expected inheritance and expected business relationship as estate attorney. He sought actual and punitive damages and damages for mental anguish.

Defendant moved for summary judgment on all eight of plaintiff's counts and the trial court granted the motion as to the four counts concerning the above-mentioned issues. The court held that plaintiff could not pursue an action for his loss of employment as estate attorney since he had neither authority to act as defendant's attorney nor an enforceable contract to pursue such a position. The court also held that the probate court's acceptance of the second will was res judicata. Thus, plaintiff's claims, which implicitly required a finding that the second will was invalid, would "avoid the six months time limit and the binding effect of the Probate Court judgment." Plaintiff's appropriate action would have been a will contest.

Plaintiff now appeals this order in a fourteen point brief. We will not address every point of the brief individually since taken as a whole it raises two dispositive issues of first impression. These questions are whether under the facts of this case plaintiff was entitled to pursue either (1) an action for tortious interference with an inheritance or (2) an action for wrongful interference with a business expectancy.

■ We initially note that in reviewing this summary judgment we must examine the record in the light most favorable to plaintiff and reverse if we find any genuine issue of material fact. *Tatum v. General Motors Acceptance Corp.*, 732 S.W.2d 591,

592 (Mo.App.1987). If the summary judgment can, as a matter of law, be sustained on any theory, however, we must affirm even if we do not accept the trial court's reasoning. *City of Wright City v. Cencom of Eastern Mo.*, 699 S.W.2d 41, 42 (Mo.App. 1985).

We now turn to the issue of tortious interference with a gift or inheritance. Although Missouri case-law supports this cause of action, *see Hammons v. Eisert*, 745 S.W.2d 253 (Mo.App.1988), the context in which such an action will lie is a question of first impression in this state. This issue involves a conflict between the desire to fairly compensate an injured party and the need to preserve the goals of the probate code which purports to provide the exclusive forum for such matters. *Estate of Johnson v. Powell*, 708 S.W.2d 783, 785 (Mo.App.1986).

Other states have resolved this conflict by not authorizing a tortious interference action unless the plaintiff first tries to obtain a remedy in probate court or shows that it is impossible to obtain an adequate remedy in a probate action. See cases collected in Annot., 22 ALR 4th 1229 § 4 (1983). For example, under this reasoning tortious interference will lie where plaintiff could not discover the fraud until the probate period had run, where plaintiff was unable to establish a maliciously destroyed will, or where defendant tortiously induced an inter-vivos transfer of estate assets. *DeWitt v. Duce*, 408 So.2d 216, 219 (Fla. 1981).

Conversely, where a will was admitted to probate, plaintiff made a conscious decision not to pursue a will contest, and a will contest would have provided adequate relief, a tortious interference action is inappropriate. *Robinson v. First State Bank of Monticello*, 97 Ill.2d 174, 73 Ill.Dec. 428, 433, 454 N.E.2d 288, 293 (1983). Where the alleged tort involves superseding one will with another, such an action would offend the probate code by requiring both the effective revocation of an accepted will and the probate of a rejected will. *Moore v. Graybeal*, 843 F.2d 706, 710 (3rd Cir.1988).

In the present case, plaintiff consciously chose not to contest the October will because he preferred to pursue a tort action. Since a successful will contest would have replaced the October will with the July will, plaintiff would have received his full expectancy and suffered no actual damages. *See In re Estate of Hoover,* 160 Ill.App.3d 964, 112 Ill.Dec. 382, 513 N.E.2d 991 (1987). Punitive damages do not enter into this consideration. *Maxwell v. Southwest Nat. Bank, Wichita, Kan.,* 593 F.Supp. 250, 253 (D.Kan.1984). Allowing an action for tortious interference in a situation such as this would merely encourage plaintiffs to forego the proper remedy of a will contest based on undue influence for the more lucrative damage options available in a tort action. Such a result would offend the goals of the undue influence action which seeks to implement the true intentions of the testator. *Hodges v. Hodges,* 692 S.W.2d 361, 367 (Mo.App.1985). Where, as in this case, a will contest provides essentially the same remedy and prevents any additional damages, we hold that an action for tortious interference will not lie.

Plaintiff's reliance on *Frohwein v. Haesemeyer,* 264 N.W.2d 792 (Iowa 1978), is misplaced. Although that case involves the reversal of a summary judgment in a similar situation, Frohwein did file an untimely will contest. Using a standard similar to Missouri's, the reviewing court held that there might be facts which would allow relief. *Id.* at 795. In the present case, the facts demonstrate that no relief is possible under the law.

Plaintiff also places great emphasis on the claim that Missouri will never allow both a will contest and a concurrent tort action. While the nature of a will contest does preclude the addition of a tort action at the same time, *Romann v. Bueckmann,* 686 S.W.2d 25, 27 (Mo.App.1984), we are not convinced that the rule against splitting causes of action will always preclude a subsequent tort action. We decline to address the issue at this time, however, since it is not germane to the case at hand. Under the facts of this case, a successful will contest would have given plaintiff full relief and he would not need a subsequent tort action.

We uphold the trial court's dismissal of the tortious interference with inheritance counts on the ground that plaintiff's failure to file a will contest rendered this theory unavailable under these facts.

We also uphold the trial court's dismissal of the two counts of wrongful interference with a business relationship. As the court noted, an attorney's authority terminates with the death of his client. *Basman v. Frank,* 250 S.W.2d 989, 994 (Mo.1952). Consequently, the only actionable business relationship would have been the expectancy of acting as estate attorney; the question before this court is whether plaintiff could have pursued an action for wrongful interference with a business expectancy. One of the elements of this tort is that plaintiff must have a *valid* business expectancy. *Hartbarger v. Burdeau Real Estate Co.,* 741 S.W.2d 309, 310 (Mo.App. 1987). Plaintiff's business expectation of acting as attorney for the estate was not a valid business expectancy.

Every state which has addressed this issue now holds that the testamentary appointment of an attorney is merely precatory language and unenforceable. See cases cited in Annot., 166 ALR 491 (1947). Louisiana, the only state that ever held an opposing view, adopted the majority rule in *Succession of Jenkins,* 481 So.2d 607 (La. 1986). The rule applies even if the personal representative's appointment is conditional upon employing the named attorney. *See In re Estate of Deardoff,* 10 Ohio St.3d 108, 461 N.E.2d 1292 (1984).

The rationale for the rule is that the executor should be free to choose an attorney whom he can rely on and with whom he is comfortable. 31 Am Jur.2d *Executors and Administrators* § 168 (1967). "Such a relationship thrust upon the client against his will would be ill-conceived and not conducive to an atmosphere of reciprocal confidence." *In re Estate of Deardoff,* 461 N.E.2d at 1293. This consideration is strengthened by the fact that the attorney's incompetence may subject the person-

al representative to liability. *State ex rel Seifert, Johnson & Hand v. Smith*, 260 Minn. 405, 110 N.W.2d 159, 164 (1961) (quoting *Carton v. Borden*, 14 N.J.Super. 308, 81 A.2d 818, 820 (1951)). Appointment of an attorney in the will may even create an appearance of impropriety. *Succession of Jenkins*, 481 So.2d at 609–10. It has been noted that the testator can properly assure a particular attorney's involvement in the estate's administration by naming that attorney as a personal representative. *Id.* at 610.

The above rationale applies equally well in Missouri, where the administrator is personally bound by a contract for legal services intended to benefit the estate. *In re Thomasson's Estate*, 350 Mo. 1157, 171 S.W.2d 553, 557 (1943). A Missouri testator also has the option of appointing the attorney as sole or joint personal representative, § 473.110.1 RSMo 1986, and the attorney may receive payment for his legal services in this capacity, § 473.153 and § 473.155 RSMo 1986.

We hold that the will provision requiring defendant to employ plaintiff was unenforceable. Any extrinsic evidence of testamentary intent is also irrelevant. Consequently, plaintiff had no valid business expectation and could not maintain an action for tortious interference with a business expectancy.

Because plaintiff, as a matter of law, was not entitled to maintain an action on any of the four counts in question, the trial court's order of summary judgment was proper. We affirm.

SIMON and SIMEONE, JJ., concur.