**Joyce Elliott BROWN, Appellant,**

v.

**Kathleen Gayle KIRKHAM, Respondent.**

**No. WD 51805.**

Missouri Court of Appeals,
Western District.

June 25, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1996.

Elwyn L. Cady, Jr., Independence, for appellant.

Brian Warr, Independence, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

This case involves an action to set aside a conveyance allegedly obtained by undue influence, or in the alternative to award compensatory damages to plaintiff for wrongful interference with an expectancy of inheritance. Joyce Elliott Brown appeals from the trial court's judgment granting summary judgment in favor of Defendant Kathleen Gayle Kirkham.

On February 6, 1995, Joyce Brown filed a petition against Kathleen Kirkham. Plaintiff Brown is the niece of Rose Wilma Elliott, who, according to plaintiff, drafted a will on November 9, 1981, in which she devised certain real property to plaintiff. On November 20, 1990, Ms. Elliott conveyed the real property to Ms. Kirkham, who is not a relative of Ms. Elliott. Sometime after the conveyance, Ms. Kirkham filed a petition seeking to be appointed guardian and conservator for Ms. Elliott. Meanwhile, Ms. Elliott suffered a severe stroke. The public administrator was appointed Ms. Elliott's guardian and conservator ad litem. Subsequently, on February 27, 1995, the trial court appointed Ms. Kirkham as guardian and conservator of Ms. Elliott. On July 9, 1995, Ms. Elliott died. On July 18, 1995, Ms. Kirkham filed a motion for summary judgment claiming that Plaintiff Brown lacked standing to bring this action and that her proper remedy would be to file a petition for discovery of assets in the pro-

bate court. The trial court granted summary judgment in favor of Ms. Kirkham. Plaintiff's motion for new trial was denied by the trial court, and Plaintiff Brown appeals.

### Undue Influence Action

■ In Point I, plaintiff-appellant claims that the trial court erred in dismissing her petition for lack of standing because she had standing to bring the action to set aside the conveyance on the ground of undue influence based upon her familial relationship to Ms. Elliott. In her brief, plaintiff states: "The Missouri Supreme Court has established the common law next friend concept to provide for exceptional circumstances where the conscience of the equity court is shocked by proceedings to frustrate a just effort to overturn undue influence transactions."

■ In considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We accord non-movant the benefit of all reasonable inferences from the record. *Id.*

■ Mrs. Kirkham argues that the trial court correctly ruled that plaintiff could not maintain her action because the sole procedural remedy available to plaintiff is set forth in § 475.160, RSMo 1994,[1] entitled "Assets of protectee, action to obtain, procedure," which states:

> Any conservator, protectee, creditor or other person, including a person interested in expectancy, reversion or otherwise, who claims an interest in property which is claimed to be an asset of the estate of a protectee or which is claimed should be an asset of such an estate, may file a verified petition in any court having jurisdiction of such estate seeking determination of the title and right of possession thereto. The

petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court shall proceed on such petition in accordance with the provisions of section 474.340, RSMo.

The statute states that the action may be brought in "any court having jurisdiction of such estate." Section 475.160. When the probate court appointed the public administrator as Rose Elliott's guardian and conservator, Ms. Elliott became a protectee under § 475.160. Pursuant to § 475.160, Plaintiff Brown was free to bring an action seeking a determination of the title and right to possession of Ms. Elliott's real property. The fact that Plaintiff Brown brought her action as the self-appointed "next friend" of Ms. Elliott does not give her standing to maintain the action. Section 475.160 gives Plaintiff Brown standing to bring an action in probate court. Alternatively, Ms. Elliott's appointed guardian could have commenced an action on behalf of Ms. Elliott to set aside this conveyance on the ground of undue influence. *See Pemberton v. Reed*, 545 S.W.2d 698, 701 (Mo. App.1976); *see also* § 475.130 (which sets forth the duty of a guardian of an incompetent to protect and preserve her estate and to prosecute and defend all actions brought for or against the ward).

When plaintiff filed her petition, Ms. Kirkham was not the appointed guardian for Ms. Elliott. Even if Ms. Kirkham had been Ms. Elliott's guardian when plaintiff commenced suit, plaintiff could have brought an action for the removal of Ms. Kirkham as guardian due to a conflict of interest as provided in § 475.097.[2]

Plaintiff relies solely on two cases, *Cull v. Pfeifer*, 307 S.W.2d 424 (Mo.1957) and *Tracy v. Sluggett*, 360 Mo. 1120, 232 S.W.2d 926 (1950), to show that she has standing to bring her petition. In *Cull*, plaintiff filed a

---

**1.** All statutory references are to RSMo 1994, unless otherwise indicated.

**2.** Section 475.097 provides:
  1. If a natural or appointed guardian or conservator is not effectively performing his

duties and the court further finds that the welfare of the minor or incapacitated or disabled person requires immediate action, it may, with or without notice, appoint a guardian or conservator ad litem for the minor or incapacitated or disabled person. . . .

suit in equity to cancel her mother's deeds to defendants, allegedly while her mother was under undue influence from defendants. *Cull,* 307 S.W.2d at 425. Plaintiff alleged that if relief were not granted, the property involved would be conveyed and her mother's other property dissipated. Plaintiff Cull also alleged that the suit was instituted primarily for the benefit and protection of the person and property of her mother, and, secondarily, for the benefit of plaintiff and other heirs who had a possible inheritable interest in the property. *Id.* at 425–26. No guardian or conservator had been appointed for plaintiff's mother. The Court found that based on the averments made by plaintiff, she had standing to bring the action, stating that "no obstacle to the circuit court's jurisdiction existed by reason of the pendency of a guardianship proceeding." *Id.* at 427.

The Court in *Cull* discussed and relied in part upon its holding in *Tracy* in determining that plaintiff Cull had standing. In *Tracy,* a fourth cousin brought an equity action to cancel a trust indenture which Mrs. Delaney had executed, allegedly while mentally incapacitated and under undue influence. Again, there was an allegation that the real estate involved would be conveyed and Mrs. Delaney's property dissipated. Also, as in *Cull,* the suit was instituted primarily for the benefit of Mrs. Delaney and secondarily for the benefit of the heirs who had a contingent inheritable interest. *Tracy,* 232 S.W.2d at 928. The Missouri Supreme Court upheld the circuit court's jurisdiction and the right of the fourth cousin to maintain the suit. In concluding that the fourth cousin had standing, the Court stated: "[I]n this *extraordinary* case we have the most *extraordinary* charges stated in the pleadings, which charges, if true, call for the action of a court of equity." *Id.* at 930.

Both *Cull* and *Tracy* were decided before the 1985 amendments to § 475.160 which were designed to allow the commencement of actions brought by a person interested in expectancy, who claims an interest in the real property of a protectee. Prior to the 1985 amendment, § 475.160 applied only to actions where a person seeks relief with regard to *personal* property. The procedural remedy provided in § 475.160 was thus not available to the plaintiffs in *Cull* and *Tracy,* both of which involved real estate. In our views, the amendments to § 475.160 removed the basis for the rulings in *Cull* and *Tracy.* We do not view them as governing the case before us.

We hold that the trial court did not err in granting summary judgment in favor of Ms. Kirkham because plaintiff's sole remedy was through § 475.160. Point I is denied.

### Tortious Interference with Inheritance

■ In Point II, plaintiff-appellant contends that another reason the trial court erred in dismissing her petition for lack of standing was because she was entitled in Count II to bring an action at law for tortious interference with expectation of inheritance. Plaintiff alleged in her petition that Ms. Kirkham wrongfully interfered with her expectancy of inheriting the "home place" of Rose Wilma Elliott under Ms. Elliott's 1981 will. Plaintiff pleaded that her expectancy arose from the long-standing estate plan of Ms. Elliott to preserve the "home place" within the Elliott family; that pursuant to the estate plan, Ms. Elliott executed a will which would have resulted in plaintiff's ownership of the Elliott home; and that the purported conveyance of the home to Ms. Kirkham, "a stranger to the family," was secured through undue influence.

■ Plaintiff filed her petition on February 6, 1995. At that time, Ms. Elliott was still living. She passed away on July 9, 1995. Missouri law provides that a person has no fixed or vested interest as an heir at law before the death of the testator. *White v. Mulvania,* 575 S.W.2d 184, 189 (Mo. banc 1978). While Ms. Elliott lived, Plaintiff Brown, as a prospective heir, had no vested interest in her property. She was at most an "heir expectant" or "heir apparent" with only the possibility of inheritance from Ms. Elliott. *See Pemberton,* 545 S.W.2d at 702. An action for the interference of an expectancy of inheritance was premature at the time of plaintiff's filing, for plaintiff had not suffered any legally compensable loss.

■ Even if plaintiff had filed the petition after Ms. Elliott's death, plaintiff's action for

tortious interference with expectation of inheritance would still be barred. Although Missouri has recognized tort liability for interference with an expected gift or inheritance, *Hammons v. Eisert,* 745 S.W.2d 253 (Mo.App.1988), the use of this cause of action is restricted. One commentary made the following observations while discussing this issue:

A majority of courts recognizing the action [tortious interference with an expected inheritance], including Missouri, have refused to allow the tort action unless plaintiff first tries to obtain an adequate remedy in the probate court or shows that it is impossible to obtain an adequate remedy in a probate action. Those courts reason that the probate code provides for the exclusive forum in which to litigate matters involving an expectation under a will or by intestate succession, and if a tort action is allowed when there is an adequate remedy available in a probate proceeding, this constitutes an impermissible collateral attack on the authority and jurisdiction of the probate court.

Reaves, *Tortious Interference With an Expected Gift or Inheritance,* 47 J. Mo. Bar 563, 565 (Dec.1991); *see also McMullin v. Borgers,* 761 S.W.2d 718 (Mo.App.1988). In *McMullin,* an attorney was named a residual beneficiary in testator's first will. *McMullin,* 761 S.W.2d at 718. Subsequently, testator drafted a second will omitting the attorney as a beneficiary. *Id.* Both wills were submitted to the probate court. *Id.* The trial court found that the second will superseded the first will. *Id.* The attorney brought an action for tortious interference with inheritance on ground that defendant took advantage of testator's age and diminished capacity to induce testator to execute the second will. *Id.* at 719. The trial court entered summary judgment in favor of defendant and on appeal, the court held that the attorney's failure to file a will contest precluded the attorney's action for tortious interference with inheritance. The court stated:

Allowing an action for tortious interference in a situation such as this would merely encourage plaintiffs to forego the proper remedy of a will contest based on undue influence for the more lucrative damage options available in a tort action. Such a result would offend the goals of the undue influence action which seeks to implement the true intentions of the testator. Where, as in this case, a will contest provides essentially the same remedy and prevents any additional damages, we hold that an action for tortious interference will not lie.

*Id.* at 720 (citations omitted). Although *McMullin* involved the availability of a will contest as the parallel probate action, the same principle applies where a petition for discovery of assets is available under § 475.160. The trial court did not err in granting summary judgment in favor of Ms. Kirkham because plaintiff was not entitled to maintain action for tortious interference with an inheritance. Point II is denied.

Judgment is affirmed.

All concur.