James GRAHAM, Plaintiff/Appellant,

v.

Robert MANCHE, Betty Manche, Goldie Manche and Charles Hinz, Defendants/Respondents.

No. 72708.

Missouri Court of Appeals, Eastern District, Division One.

June 16, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 6, 1998.

Application to Transfer Denied Sept. 22, 1998.

Arthur G. Muegler, Jr., St. Louis, for appellant.

Lewis, Rice & Fingersh, L.C., Richard A. Wunderlich, Julia J. Lilly, St. Louis, for respondent.

PUDLOWSKI, Judge.

James Graham (Graham) instituted this action for civil conspiracy and tortious interference with a contract and reasonable expectancy on 29 November 1995 against defendants Robert Manche, Betty Manche, Goldie Manche and Charles Hinz (collectively Defendants) for impeding an alleged Graham–Loehr contract. Graham's prayer for recovery seeks compensation for actual damages in excess of $15,000, punitive damages against each defendant for five million dollars, his costs, and other relief which the court deems proper. He does not seek recovery against Louise Francisa Loehr's (Loehr) estate nor enforcement of the original terms of their agreement.

Graham appeals the trial court's judgment granting summary judgment in favor of Defendants. The trial court held that Graham should have sought recovery from the probate court rather than instituting this action for tortious interference and civil conspiracy in the form of a discovery of assets action and/or equitable relief through a constructive trust.[1] We disagree.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the petition allegations and determine if a material fact exists for trial. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law; any evidence presented that demonstrates a genuine issue of material fact will defeat the moving party's prima facie showing. *Landes v. State Farm Fire and Casualty Company*, 907 S.W.2d 349, 353 (Mo.App. W.D.1995). In our review, the facts are construed most favorably to the party against whom the summary judgment was entered. *Lindell Trust Co. v. Lieberman*, 825 S.W.2d 358, 359 (Mo.App. E.D. 1992); *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

When viewing the facts for the purpose of our summary judgment standard, we find that: In 1987, Graham and Loehr entered into an oral contract. Graham agreed that he would live with Loehr in her home as she requested, be introduced as her "man" or "man friend," be a personal companion, and act as her real estate agent. In return for these services, Loehr would convey to Graham the real estate upon which they lived, give him "several million dollars" in cash and investments to provide throughout Graham's life, and allow Graham to conduct his real estate agent business with other clients. Graham and Loehr clarified the contract's terms and in early 1988 reduced their agree-

---

1. The trial court's judgment reads in full:

The court has reviewed the new motions, affidavits and suggestions of the parties with respect to defendants motion for rehearing of summary judgment. The court hereby sustains said motion. The court finds plaintiff is precluded from bringing the cause of action herein due to failure to pursue a discovery of assets action and/or equitable relief through a constructive trust. *Strype v. Lewis* 352 Mo. 1004, 180 S.W.2d 688 (1944) Judgment is entered is in favor of defendants and against plaintiffs on Counts I & II. Costs are assessed against plaintiffs.

ment to writing. They notarized two copies of their written agreement; each retaining one copy. Graham averred that Loehr repeatedly informed Defendants of the specific terms of the agreement.

On 4 January 1989, Loehr and Robert Manche went to his attorney's office. There Loehr executed the "Indenture of Trust" which established the "Louise F. Loehr Living Trust" and "Last Will and Testament of Louise F. Loehr." Loehr told Graham she signed the necessary documents to conform with her promises following her death. The legal file before us contains, among other documents, Graham's response to Defendants' motion for Summary Judgment. The motion asserted as one of the grounds for denial "that [Graham's] probate will contest action and/or a claim against the estate would not afford Plaintiff either full or adequate relief because there were insufficient probate assets." Attached to Graham's affidavit is a copy of the "Indenture of Trust," "The Last Will and Testament of Loehr," "Petition for Probate of Will and for Letters Testamentary," and appointment of Robert Manche Jr. as personal representative.

Loehr died on 29 January 1995. Following her death, Graham's personal possessions were removed physically from the residential property without his consent. Graham's possessions were returned by Defendants when he requested, however, the written contract was missing. Graham was not named as a beneficiary under Loehr's will or her trust. Loehr's copy of the written agreement was never produced. Subsequently, he instituted this action alleging Defendants intentionally interfered with Loehr's intent to give Graham a significant portion of her assets.

Defendants filed a motion to dismiss on 2 February 1995 contending that Graham failed to meet the criteria of Section 474.155 RSMo (1994). The trial court denied this motion. Defendants then answered the petition. On 9 April 1996, Defendants filed a motion for summary judgment based on the affirmative defenses in their answer. The trial court denied this motion. However, on 12 March 1997, Defendants filed a motion for rehearing their summary judgment motion. In the motion for rehearing, Defendants reasserted their affirmative defenses and additionally claimed Graham failed to file a timely discovery of assets action in the probate court. The trial court sustained the motion for summary judgment finding Graham was precluded from this action in that he failed to file a discovery of assets action and/or seek equitable relief through a constructive trust. From this judgment, Graham seeks review.

Graham contends the trial court erred in granting Defendants's motion for summary judgment because Defendants failed to show they were entitled to judgment as a matter of law.[2] Primarily, Graham asserts the trial court erred in barring this petition for failure to file his claim in the probate court. In determination of this issue, Graham argues that *McMullin v. Borgers*, 761 S.W.2d 718, 719 (Mo.App. E.D.1988) holds that tortious interference with an expectancy is a viable cause. Further, such action will lie if the party shows that it is impossible to obtain an adequate remedy in a probate action. Soehnel, Sonja A., Liability in Damages for Interference with Expected Inheritance or Gift, Ann., 22 A.L.R.4th 1229 (1983).

"This issue involves a conflict between the desire to fairly compensate an injured party and the need to preserve the goals of the probate code which purports to provide the exclusive forum for such matters." *McMullin*, 761 S.W.2d at 719. Missouri law supports a tortious interference with a gift or inheritance action, however, this court held that under the *McMullin* circumstances, plaintiff could not bring such an action when he possessed standing in probate, but made a conscious decision not to pursue a will contest. *See Hammons v. Eisert*, 745 S.W.2d 253 (Mo.App. S.D.1988); *McMullin v. Borgers*, 761 S.W.2d 718, 719 (Mo.App. E.D. 1988); *Smith v. Chatfield*, 797 S.W.2d 508 (Mo.App.W.D.1990). The trial court in *McMullin* sustained defendant's motion for summary judgment finding that McMullin

---

**2.** We remind the attorney for appellant to review *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978) when drafting points relied on. The present brief's point relied on was neither concise nor brief.

did not have an enforceable contract to pursue this position. The court further held that in order to substantiate McMullin's claims the court would need to find the second will, which was already probated, invalid, and that plaintiff's proper remedy would have been a will contest. *McMullin* appealed.

The *McMullin* opinion looked to case law from other jurisdictions in order to resolve the conflict between the need to preserve the goals of the probate code and the desire to fully compensate an injured individual. To reconcile these two competing interests, most courts allow a plaintiff to pursue an intentional interference claim only if special circumstances exist which make remedy of a will contest inadequate. *Huffey v. Lea*, 491 N.W.2d 518, 524 (Iowa, 1992) (dissent arguing that Iowa's minority position of allowing both an intentional interference claim and a will contest should not lie); *DeWitt v. Duce*, 408 So.2d 216, 219 (Fla.1981) (plaintiff may bring tort action if unable to discover fraud until after probate period had run, or if defendant tortiously induced inter-vivos transfer of estate assets, or if plaintiff unable to establish a maliciously destroyed will); *Estate of Jeziorski*, 162 Ill.App.3d 1057, 114 Ill.Dec. 267, 516 N.E.2d 422, 426 (1987) (plaintiff may pursue tort action if defendant induced inter-vivos transfers of estate assets and most of probate assets were outside of estate).

The *McMullin* decision found that "where a will was admitted to probate, plaintiff made a conscious decision not to pursue a will contest, and a will contest would have provided adequate relief, a tortious interference action is inappropriate." *McMullin*, 761 S.W.2d at 719. Missouri courts have continued to deny tortious interference claims when will contests would afford full and adequate relief. *Brandin v. Brandin*, 918 S.W.2d 835, 839 (Mo.App. E.D.1996); *Brown v. Kirkham*, 926 S.W.2d 197, 201 (Mo.App. W.D.1996).

■ In the wake of *McMullin*, Missouri courts have not allowed claims for tortious interference with an inheritance expectancy unless the plaintiff attempted to obtain an adequate remedy in probate proceedings or show the impossibility of obtaining an adequate remedy in such an action. Reaves, Tortious Interference With An Expected Gift Or Inheritance, 47 J.Mo.Bar 563, 565 (Oct.–Nov. 1991). If a plaintiff fails to either attempt recovery in probate or show that it is impossible to recover in probate, a subsequent tort action in a non-probate division of the circuit court is considered a collateral attack upon the authority and jurisdiction of the probate division; and which is strictly forbidden. *Id.*

■ Both the Eastern District and the Western District extended the holdings of *McMullin* to disallow tortious interference claims. In *Brandin*, children of the decedent brought suit against his wife for tortious interference with an inheritance expectancy from their father's estate. Decedent and his wife amended their antenuptial agreement which presumably reduced the portion of decedent's estate the children would be entitled to following his death. The trial court dismissed the children's petition. This court affirmed the judgment of the trial court. The children's pleadings failed to present facts demonstrating wife's tortious interference with an intended bequest to them. *Brandin*, 918 S.W.2d at 838.

Missouri courts consistently seek to preserve the goals of the probate code and reject attempts to circumvent the validity of a probated will for individual pecuniary benefits. *Id.* at 839. Here, the children had standing in an available forum in the probate division to seek an adequate remedy rather than bringing the tortious interference claim which would afford them essentially the same relief. *Id.* at 840. Allowing their claim would amount to a collateral attack on decedent's will which was already probated. *Id.* at 839. Additionally, the children could have attacked the trust in equity. *Id.* Children "had an adequate remedy at law and in equity had they properly filed a will contest and a trust contest." *Id.* at 840. Accordingly, they were barred from bringing the intentional interference contest.

The Western District was confronted with this issue in *Brown v. Kirkham*, 926 S.W.2d 197 (Mo.App. W.D.1996). In that case, the

decedent's niece claimed the decedent had executed a will in her favor with regard to a specific parcel of real estate. Prior to her death, decedent conveyed the real estate to Kirkham who was not related to decedent. Decedent suffered a stroke and Kirkham was appointed guardian. The niece filed suit, prior to decedent's demise, to have the conveyance set aside because of undue influence or, alternatively, as a wrongful interference with an expectancy of inheritance. The trial court granted summary judgment in favor of Kirkham because niece lacked standing to bring this suit and her proper remedy would have been to file in the probate division.

The reasoning applied in the *Brandin* and *Kirkham* circumstances does not prevent Graham's action for tortious interference. In both of those cases, the plaintiff was related to the deceased. This circumstance granted those plaintiffs standing to challenge the effectiveness of the documents which devised property. In the case sub judice Graham is not related to Loehr and had no standing to bring a claim in probate court against her estate planning instruments. When a person with standing brings a will contest in probate court, the only issue to determine is whether the document or documents presented comprise the decedent's last will and testament. *Romann v. Bueckmann,* 686 S.W.2d 25, 27 (Mo.App. E.D.1984).

Pursuant to Section 473.083 RSMo (1994), a person interested in the probate of a will may contest the validity of the documents offered to probate. This section defines an interested person as an "heir, devisee, trustee or trust beneficiary under another purported will of the same decedent, and a person who has acquired, before or after the death of the testator, all or part of the interest of such heir or devisee by purchase, gift, devise, intestate succession, mortgage or lien...." Section 473.083.1 RSMo (1994). Additionally, in order to bring a will contest, an interested person must either gain or lose under the contested will. *Lopiccolo v. Semar,* 890 S.W.2d 754, 758 (Mo.App. E.D. 1995). Standing for a will contest is not granted to persons who merely have an interest in the estate. *Danforth,* 663 S.W.2d at 295.

In the instant action, Graham lacks statutory standing to raise a will contest. He does not fall within the definitions of an interested person as set out in the statute. Section 473.083.1 RSMo (1994). This requirement of recovery prohibits him from filing in the probate court. Therefore, there is no encroachment on the policy supporting pertinent litigation to be heard in the probate court nor is there a collateral attack of the probated will.

The difficulty with the tortious interference with an expectancy claim is determining when it lies. It is generally accepted that the claim will survive only when the plaintiff attempts to seek relief in probate court or has no adequate remedy in the probate court. Reaves, Tortious Interference With an Expected Gift or Inheritance, 47 J.Mo.Bar 563, 565 (Oct.–Nov.1991). Graham lacked standing to pursue a will contest in probate court. Yet, even if Graham would have standing in the probate division of the circuit court, he would not have been foreclosed from instituting this action in the civil division of the circuit court.

Upon review of the legal file, in particular the "Petition for Probate of Will and for Letters Testamentary," Graham could not have been afforded adequate relief in the probate court. The petition for letters testamentary claimed that Loehr owned no real estate at the time of her death and her assets only totaled $80,000. However, at the time of oral arguments, the attorneys indicated that the value of Loehr's combined probate and non-probate assets was "somewhere in the eight figure range." The probated estate would not have been adequate relief if Graham could have filed in the probate division when his alleged damages exceeded the amount in which the probate court controlled.

The probate division may:

... hear and determine all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and conservators of minors and incapacitated and disabled persons, settling the accounts of personal representatives and conservators, and the sale or leasing of lands by personal

representatives and conservators, including jurisdiction of the construction of wills as an incident to the administration of estate, of the determination of heirship, or the administration of testamentary and inter vivos trusts, of disability and incapacity proceedings as provide by law and of such other probate business as may be prescribed by law.

Section 472.020 RSMo (1994).

This statute grants the probate division power exclusive jurisdiction "in probate matters." Our determination here is whether this tortious interference claim is defined as a probate matter. We think not.

Graham's prayer for relief states that he seeks monetary relief against three individuals who are related to Loehr and a friend of the deceased's daughter. These are the individuals Graham pleaded tortiously interfered with Loehr's intended post-mortem gifts to him. They are not the sole recipients of Loehr's estate; merely the individuals alleged to have interfered with her intended bequest to Graham. Graham is not requesting the trial court invalidate the will or to look to the estate property for redistribution nor is he requesting that the trial court specifically enforce the terms of the written agreement. Since the tortious interference claim is not within the jurisdiction of the probate division, Graham properly filed in the civil division of the circuit court.

The trial court's judgment stating that Graham should have file a discovery of assets claim and/or sought a constructive trust is in error. We hold that Graham did not possess standing to file the discovery of assets claim, and, alternatively, probate relief would have been inadequate. In order to create a constructive trust, there must be a devise with reliance upon an agreement to hold the property in trust for another and to subsequently convey it to that person. *Strype v. Lewis*, 352 Mo. 1004, 180 S.W.2d 688, 692 (1944). Graham alleged that Defendants knew of his agreement with Loehr, however, the nature of the agreement was such that Defendants were not to be trustees of the property; he was to own the property and money in fee simple. There was no evidence adduced that Defendants took their bequests with Loehr's request to give it to Graham after her death.

We conclude the proper forum to hear this tortious interference claim is the civil division of the circuit court. Graham seeks relief only against several specific individuals—not a redistribution of Loehr's estate. In addition, as a matter of judicial economy, we find that Graham was not required to file this action in the probate division where the action would be dismissed for lack of jurisdiction and then refiled in the circuit court.

Judgment reversed and remanded for trial.

GRIMM, P.J., concurs in result only.

GARY M. GAERTNER, J., concurs.