**Joyce Elliott BROWN, Appellant,**

v.

**Kathleen G. KIRKHAM, Respondent.**

**No. WD 57685.**

Missouri Court of Appeals,
Western District.

June 27, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Elwyn L. Cady, Jr., Independence, for appellant.

C. Robert Buckley, Deborah J. Blakely, Independence, for respondent.

Before: EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Joyce Elliott Brown appeals from the imposition of sanctions by the Jackson County Circuit Court pursuant to Rule 55.03. Brown raises two points on appeal. First, she claims that the trial court erred by imposing sanctions because pleading the Restatement provision for tortious interference with an expectancy of an inheritance was proper and did not violate Rule 55.03(b)(2) in that it was a nonfrivolous move to change the law by extension, modification, or reversal of existing law or establishment of new law. Second, she claims that the trial court erred by imposing monetary sanctions on her because Rule 55.03(c)(2)(A) forbids assessment of monetary sanctions against a represented party for violation of Rule 55.03(b)(2).

We affirm in part and reverse in part and remand.

## Facts

Joyce Elliott Brown brought an action against Kathleen Kirkham to set aside a conveyance of real property to Kirkham by

Brown's aunt, Rose Wilma Elliott. *Brown v. Kirkham*, 926 S.W.2d 197, 198 (Mo.App. W.D.1996) ("*Brown I*"). Brown contended that Kirkham obtained the conveyance by undue influence. *Brown*, 926 S.W.2d at 198. In the alternative, Brown sought compensatory damages, claiming that Kirkham wrongfully interfered with her expectancy of inheritance. *Id.* Kirkham filed a motion for summary judgment claiming that Brown lacked standing to bring the action and that her proper remedy would be to file a petition for discovery of assets in the probate court. *Id.* at 198–99. The trial court granted summary judgment in favor of Kirkham. *Id.* at 199. On appeal, this court affirmed the trial court's judgment. *Id.* at 201. We found that Brown did not have standing to bring her undue influence claim because her sole remedy was to bring an action seeking a determination of the title and right to possession of Ms. Elliott's real property in probate court pursuant to § 475.160.[1] *Id.* at 199–200. Concerning the tortious interference with an expectation of inheritance claim, we found that because Ms. Elliott was still living at the time Brown filed her petition, Brown did not have standing to bring the claim. *Id.* at 200. Specifically, we found as follows:

> Missouri law provides that a person has no fixed or vested interest as an heir at law before the death of the testator. *White v. Mulvania*, 575 S.W.2d 184, 189 (Mo. banc 1978). While Ms. Elliott lived, Plaintiff Brown, as a prospective heir, had no vested interest in her property. She was at most an "heir expectant" or "heir apparent" with only the possibility of inheritance from Ms. Elliott. An action for the interference of an expectancy of inheritance was premature at the time of plaintiff's filing, for

plaintiff had not suffered any legally compensable loss.

*Id.* (Citations omitted.) We further stated that even if Brown had filed her petition after Ms. Elliott's death, her action for tortious interference with expectation of inheritance would still be barred because she was first required to obtain an adequate remedy in the probate court or show that it was impossible to obtain an adequate remedy in a probate action. *Id.* at 200–01. *Brown I* was decided on June 25, 1996.

On January 9, 1997, Brown filed another petition claiming undue influence and wrongful interference with an expectancy of inheritance by Kirkham. This petition concerned the same facts as *Brown I*. On March 4, 1997, Kirkham filed a motion for sanctions under Rule 55.03, seeking dismissal of Brown's petition, as well as attorney's fees and costs. The motion court dismissed Brown's petition with prejudice and awarded Kirkham $1,750, representing the attorney's fees accrued from the filing of the motion for sanctions, to be recoverable from Brown and her counsel. Finding that *Brown I* constituted the law of the case, the motion court found that Brown and her counsel could not reasonably assert that the allegations of the petition were warranted by existing case law or were nonfrivolous. Brown appeals from the motion court's award of sanctions.[2]

## Standard of Review

■ We will affirm a trial court's decision to impose sanctions pursuant to Rule 55.03(c) unless the court abused its discretion in doing so. *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 186 (Mo.App. W.D. 1999). An abuse of discretion occurs when the court's order is clearly against the logic of the circumstances and is so arbi-

---

1. All statutory references are to RSMo 1994.

2. At the time of argument on appeal in this case, Kirkham's counterclaim against Brown for abuse of legal process was still pending. However, the motion court found that there was no just reason for delay pursuant to Rule

74.01(b). Therefore, the motion court's judgment dismissing Brown's petition and assessing monetary sanctions is a final, appealable judgment. *See Hackathorn v. Four Seasons Lakesites, Inc.*, 959 S.W.2d 954, 957–58 (Mo. App. S.D.1998).

trary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* (Citations omitted.)

## Point I

Brown's first point on appeal is that the trial court erred by imposing sanctions of dismissal and a monetary penalty because pleading of the Restatement provision for tortious interference with an expectancy of an inheritance was proper and did not violate Rule 55.03(b)(2) in that it was a nonfrivolous move to change the law by extension, modification, or reversal of existing law or establishment of new law.

Brown's petition alleged that Kirkham 1) wrongfully interfered with her expectancy of the inheritance of the estate of Ms. Elliott, and 2) exercised undue influence on Ms. Elliott in order to secure the execution of a will and deed in favor of herself to acquire the estate of Ms. Elliott.

### 1. Undue Influence Claim

We first discuss Brown's undue influence claim. The motion court found that the law of the case doctrine barred Brown's claims. The law of the case doctrine "governs successive appeals involving the same issues and facts. Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings *in the same cause.*" *McClelland v. Ozenberger*, 841 S.W.2d 227, 231 (Mo.App. W.D.1992) (emphasis added). The law of the case doctrine does not apply in the present case because Brown's petition in this case is separate from the petition in *Brown I*, and is not part of that case.

However, *Brown I* still serves as precedent, and it clearly settled the issue that Brown raises in her petition in this case. As previously mentioned, in *Brown I*, we found that Brown did not have standing to bring her undue influence claim, and her sole procedural remedy was to file an action seeking a determination of the title and right to possession of Ms. Elliott's real property in probate court pursuant to § 475.160.[3] *Brown*, 926 S.W.2d at 199–200.

Apparently while the appeal in *Brown I* was still pending, Brown filed a petition for discovery of assets in probate court. In response, the probate court issued an order to show cause and Brown was ordered to withdraw her petition. Brown was not permitted to bring another identical undue influence claim in the trial court simply because she failed to obtain relief through what *Brown I* clearly stated was her sole procedural remedy. Because Brown was clearly barred from bringing an undue influence claim in *Brown I*, the trial court did not err in finding that sanctions were warranted for bringing the claim in this case.

### 2. Tortious Interference with Expectancy of Inheritance Claim

We next discuss Brown's claim of tortious interference with an expectancy of inheritance. Like the undue influence claim, this claim cannot be barred by the law of the case doctrine because this case is a separate case from *Brown I*.

In *Brown I*, we found that Brown's claim of interference with expectancy of inheritance was barred because Ms. Elliott was alive at the time the claim was

---

**3.** Section 475.160 provides as follows:

Any conservator, protectee, creditor or other person, including a person interested in expectancy, reversion or otherwise, who claims an interest in property which is claimed to be an asset of the estate of a protectee or which is claimed should be an asset of such an estate, may file a verified petition in any court having jurisdiction of such estate seeking determination of the

title and right of possession thereto. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court shall proceed on such petition in accordance with the provisions of section 473.340, RSMo.

brought. *Id.* at 200. Therefore, our finding in *Brown I* that the claim would have been barred anyway because Brown was first required to obtain an adequate remedy in the probate court or show that it was impossible to obtain an adequate remedy in a probate action was dicta, as it was not necessary to the decision of that case. *See State v. Weatherwax*, 635 S.W.2d 34, 37 (Mo.App. W.D.1982).

However, the law on this issue is well-settled in Missouri. In *McMullin v. Borgers*, 761 S.W.2d 718 (Mo.App. E.D.1988), relied on in *Brown I*, the court considered the context in which an action for tortious interference with a gift or inheritance will lie. The court found that the issue involved "a conflict between the desire to fairly compensate an injured party and the need to preserve the goals of the probate code which purports to provide the exclusive forum for such matters." *McMullin*, 761 S.W.2d at 719. In that case, an attorney who was named estate attorney and residual beneficiary in the testator's first will brought an action for tortious interference with inheritance on the ground that the defendant took advantage of the testator's age and diminished capacity to induce the testator to execute a second will, which omitted the attorney as estate attorney and beneficiary. *Id.* at 718–19. The plaintiff did not file a will contest prior to pursuing his tort action. *Id.* at 719. The court held as follows:

> Allowing an action for tortious interference in a situation such as this would merely encourage plaintiffs to forego the proper remedy of a will contest based on undue influence for the more lucrative damage options available in a tort action. Such a result would offend the goals of the undue influence action which seeks to implement the true intentions of the testator. *Hodges v. Hodges*, 692 S.W.2d 361, 367 (Mo.App.1985). Where, as in this case, a will contest provides essentially the same remedy and prevents any

additional damages, we hold that an action for tortious interference will not lie. *Id.* at 720.

The rule set out in *McMullin* was reiterated in *Graham v. Manche*, 974 S.W.2d 580, 583 (Mo.App. E.D.1998), as follows:

> In the wake of *McMullin*, Missouri courts have not allowed claims for tortious interference with an inheritance expectancy unless the plaintiff attempted to obtain an adequate remedy in probate proceedings or show the impossibility of obtaining an adequate remedy in such an action. If a plaintiff fails to either attempt recovery in probate or show that it is impossible to recover in probate, a subsequent tort action in a non-probate division of the circuit court is considered a collateral attack upon the authority and jurisdiction of the probate division ... which is strictly forbidden.

(Citations omitted.) *See also Brandin v. Brandin*, 918 S.W.2d 835, 840 (Mo.App. E.D.1996) (finding that where "plaintiffs can receive an adequate remedy through already existing and appropriate remedies, a tortious interference with inheritance expectancy claim—and its attendant potential for abuse—will not lie").

■ Furthermore, while our statements in *Brown I* concerning the requirement that Brown file an action in probate court or show that it was impossible to obtain an adequate remedy in a probate action prior to bringing an action for tortious interference with an expectancy of inheritance may be dicta, they certainly should have indicated to Brown that this was the proper course of action for her to take. As the trial court stated, "The *Brown* case ... outlined for [Brown] what appears to have been the appropriate legal pathway to pursue redress for the ills complained of here. [Brown] and her counsel did not follow that pathway."

Apparently while the appeal in *Brown I* was pending, Brown filed a will contest action in probate court, which was dismissed for failure to comply with the appli-

cable statute of limitations. Brown then alleged in her petition in this case that "there is no other adequate remedy available so that this action for loss of the expectancy of inheritance is proper and timely." We agree with the trial court's finding that the term "adequate remedy" in *Brown I* "refers to the availability of a procedure under the probate code capable of providing full relief as to the issues between the parties and does not refer to whether a party is ultimately successful in obtaining the results desired. [Brown] is not entitled to file action after action until she obtains a result acceptable to her."

Brown cites the Restatement (Second) of Torts § 774B for the proposition that one who by tortious means intentionally prevents another from receiving from a third person an inheritance that she would otherwise have received is subject to liability to the other for loss of the inheritance. Brown contends that because she based her claim on the Restatement, it is "non-frivolous on its face." As previously discussed, Missouri courts clearly recognize the cause of action of tortious interference with expectancy of inheritance. *See Brown I*, 926 S.W.2d at 201; *Smith v. Chatfield*, 797 S.W.2d 508, 509 (Mo.App. W.D.1990); *McMullin*, 761 S.W.2d at 719; *Hammons v. Eisert*, 745 S.W.2d 253 (Mo. App. S.D.1988). However, Brown and her counsel may not avoid sanctions under Rule 55.03(b)(2) simply by citing the general statement of law in the Restatement, while ignoring the treatment of the cause of action in Missouri case law.

Clearly, the law concerning Brown's undue influence and interference with expectancy of inheritance claims has already been settled in Missouri, and Brown was informed of the proper course of action in the prior appeal in this case. The claims in Brown's petition are not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. Therefore, the trial court did not err in finding that sanctions were warranted in this case. *See Gilleylen v. Surety Foods, Inc.*, 963 S.W.2d 15, 18 (Mo.App. E.D. 1998). Point I is denied.

### Point II

■ Brown's second point on appeal is that the trial court erred by imposing monetary sanctions against her because Rule 55.03(c)(2)(A) forbids assessment of monetary sanctions against a represented party for violation of Rule 55.03(b)(2).

Rule 55.03(c)(2)(A) provides that "[m]onetary sanctions shall not be awarded against a represented party for a violation of Rule 55.03(b)(2)." *See State v. Gardner*, 932 S.W.2d 858, 861 (Mo.App. E.D.1996); *Papineau v. Baier*, 901 S.W.2d 190, 193 (Mo.App. W.D.1995); *Vallejo–Davila v. Osco Drug, Inc.*, 895 S.W.2d 49, 55 (Mo. App. W.D.1995). We find that attorney's fees are monetary sanctions within the meaning of Rule 55.03(c)(2)(A). Therefore, the trial court erred in assessing monetary sanctions in the form of attorney's fees against Brown. The monetary sanctions should have been assessed solely against Brown's counsel. Point II is granted.

### Motion for Sanctions for Frivolous Appeal

■ Kirkham has filed a motion for sanctions for frivolous appeal. Rule 84.19 provides that "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." "We will award damages for filing a frivolous appeal with extreme caution so as to avoid chilling the filing of an appeal of even slight, colorable merit." *Haus–Gillespie v. Gillespie*, 998 S.W.2d 842, 848 (Mo.App. W.D.1999). Given our disposition of Point II, we decline to award sanctions.

### Conclusion

The judgment of the trial court is affirmed as to the assessment of sanctions

against Brown's counsel and as to the dismissal of Brown's petition with prejudice, and reversed as to the assessment of monetary sanctions against Brown. The judgment is remanded with instructions to enter judgment assessing monetary sanctions only against Brown's counsel.

EDWIN H. SMITH, P.J., and HOLLIGER, J., concur.