In the ESTATE OF Hilda SCHULZE, Deceased.

No. ED 81406.

Missouri Court of Appeals, Eastern District, Northern Division.

May 13, 2003.

Thomas B. Burkemper, Troy, MO, for appellant.

Joel D. Brett, St. Charles, MO, for respondents.

MARY R. RUSSELL, Judge.

Friedens United Church of Christ ("Devisee") appeals from an order of the probate division of the Circuit Court of Lincoln County authorizing the sale of real property pursuant to an option granted by Hilda Schulze ("Decedent"). We find no error in that when the option was exercised, a contract arose that took priority over the devise of property to Devisee under Decedent's will.

On November 21, 1974, Decedent executed a last will and testament that devised land surrounding her home in Moscow Mills to Devisee for construction of a church. She did not specify the parcel of land to be devised in her will, but appointed a committee to decide the location and acreage. Decedent subsequently executed

three codicils to her will on July 28, 1978, September 13, 1984, and September 6, 1988. The September 13 codicil appointed Edward J. Grewach and Gary W. Hill [1] as co-personal representatives and ordered that they serve without bond.

On March 15, 1988, Decedent granted an option to members of the Hill family, including Gary W. Hill,[2] to purchase certain real property. The option contained the following provisions:

2. The Seller hereby grants to the Purchaser[ ], an option to purchase the above-described property from the Seller's estate. The Purchaser shall have ninety (90) days from the date of the first publication of the opening of the Seller's estate in which to elect to exercise [the] option and to notify the Seller's estate of said election.

3. The Seller reserves the right to convey the above-described property during her lifetime, however, the Seller agrees to notify the Purchaser in writing of her intent to convey or sell said property. The Purchaser[ ] shall have ninety (90) days from the date of said notice to notify the Seller of his intent to exercise said option and shall consummate any sale as a result of the exercise of the option within 30 days of the election, unless said period is extended by the Seller[ ] or the Seller's representative.

. . . .

5. This Agreement shall be binding upon the executors, administrators, heirs, and assigns of the Seller, and inure to the executors, administrators, heirs and assigns of the Purchaser and if accepted, be binding upon them.

In the September 6 codicil to her will, Decedent directed Grewach and Hill to honor the terms of all the options she executed. This included the option to the Hill family, which was attached as an exhibit to the codicil.

Decedent died on July 26, 2001. Letters testamentary were granted, and Grewach and Hill were appointed as co-personal representatives. Devisee filed a petition in the probate division of the Circuit Court of Lincoln County to contest the September 13 codicil to Decedent's will. The contest challenged the appointment of Grewach as personal representative for a variety of reasons, including that he was an interested party in the distribution of the estate. Subsequently, a petition for an order to sell real property was filed by Grewach and Hill. The petition stated that Hill had exercised the option granted to him and that it would be in the best interests of the estate to follow Decedent's wishes and sell the property pursuant to the option.

Devisee then filed a petition to suspend the authority of Grewach and Hill and appoint administrators pendente lite while the codicil of the will was being contested. Devisee argued that disinterested persons should be appointed as administrators as Grewach and Hill each possessed a disqualifying interest in the estate. The trial court granted Devisee's petition, suspended the authority of Grewach and Hill, appointed them administrators pendente lite, and waived the filing of a bond.

The trial court granted the petition to sell real property stating it was necessary for the best interests of the estate and complied with the written direction of De-

---

1. This codicil appointed Woodrow Hill and Grewach as co-personal representatives. It further provided that if Woodrow Hill was unable to serve, Gary W. Hill was appointed in his stead. At the time the will and codicil were admitted to probate, Woodrow Hill was deceased.

2. All further references to "Hill" refer only to Gary W. Hill.

cedent as set forth in the option and in the September 6 codicil. Devisee timely appealed from the order to sell real property.

We review the trial court's ruling pursuant to the standard announced in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We are primarily concerned with the correctness of the judgment, not the route taken by the court to reach its decision. *SD Invs., Inc. v. Michael–Paul, L.L.C.*, 90 S.W.3d 75, 81 (Mo.App.2002). We will affirm the judgment if it is supported by any reasonable theory, even if the theory differs from that expressed in the judgment. *Id.*

Devisee asserts the trial court erred in ordering the sale of real property: (1) because Grewach and Hill were not first required to post a bond; (2) because the sale was not necessary for the best interests of the estate nor was the sale based on any other appropriate statutory ground; (3) because the sale was not necessary to pay creditors of the estate nor did the sale maintain the status quo during the pendency of the will contest filed by Devisee, (4) because the sale authorized Grewach and Hill to sell the property to Hill without written consent filed by the distributees under the will; and (5) because Grewach and Hill were without authority to sell the property as they both possessed disqualifying beneficial interests in the estate and should not have been appointed co-administrators pendente lite.

At the outset, we note that neither party disputes the validity of the option between Decedent and Hill, which was executed prior to her death. Moreover, the contest filed by Devisee only challenged Grewach's authority to administer Decedent's estate under the September 13 codicil. It did not challenge the September 6 codicil that instructed Grewach and Hill to honor all options that Decedent executed.

▮▮▮ An option coupled with consideration is a continuing and irrevocable offer to sell that the seller cannot withdraw during a stated period. *SD Invs., Inc.*, 90 S.W.3d at 82; *Riddle ex rel. Riddle v. Elk Creek Salers, Ltd.*, 52 S.W.3d 644, 646 (Mo.App.2001). The option vests the buyer with a power of acceptance. *Id.* " 'An option creates in the optionee a power to compel the owner of property to sell it at a stipulated price whether or not he [is] willing to part with ownership.' " *Hendricks v. Northcutt*, 820 S.W.2d 689, 692 (Mo.App.1991) (*quoting Barling v. Horn*, 296 S.W.2d 94, 98 (Mo.1956)). Once the buyer accepts the offer in the prescribed manner, the option is considered exercised so as to create a binding bilateral contract. *Riddle*, 52 S.W.3d at 646–47; *Estate of Schler v. Benson*, 947 S.W.2d 495, 500 (Mo.App.1997). The bilateral contract is specifically enforceable. *Riddle*, 52 S.W.3d at 647.

In this case, the option executed by Decedent was made in recognition of the years of service that Hill and other members of his family provided to Decedent in the course of their business relationship. Later, she incorporated this option in a codicil to her will and instructed Grewach and Hill to honor this option as well as other options she executed. Once the option was exercised, an enforceable contract for the sale of land from the estate to Hill resulted. The terms of the sale were required to be performed by Grewach, as representative of the estate.[3] *See Hirling-*

---

**3.** Prior to the court's order to sell real property, Hill was removed as personal representa-

tive for purposes of transacting real estate sold to him under the option in Decedent's

*er v. Hirlinger,* 267 S.W.2d 46, 50 (Mo. App.1954). Regardless of whether Grewach wanted to sell the property, it was his duty to perform the contract as well as carry out the intention of the testator.

 Missouri law recognizes that a person has no fixed or vested interest in the testator's property prior to the death of the testator. *Miller v. Mauzey,* 960 S.W.2d 564, 567 (Mo.App.1998); *Brown v. Kirkham,* 926 S.W.2d 197, 200 (Mo.App. 1996). Until the death of the testator, a devisee under a will is merely an "heir expectant" or "heir apparent," with only the expectancy of an inheritance. *Miller,* 960 S.W.2d at 567; *Brown,* 926 S.W.2d at 200.

 The option specifically provided that Decedent reserved the right to convey the option property during her lifetime, but she agreed to notify the Hill family of her intent to convey or sell the property and give them the opportunity to exercise the option before the sale was consummated. It is apparent that Decedent contemplated the possibility that the option would be exercised prior to her death and prior to any devise to Devisee. We find the enforceable contract that arose when the option was exercised had priority over any expectancies in the will, including the devise of property to Devisee. Grewach was required to carry out the contract and the intent of Decedent.

Devisee argues that the land granted it in the will was the same land granted to Hill in the option and codicil. Nothing in the record supports this contention. At the hearing on the petition for an order to sell real property, Hill testified that the .991 acre tract subject to the option was not attached to and was not the same property as the land to be given to Devisee under the will. Regardless, we find that

will. Grewach was directed to complete the

the option imposed legal obligations upon Decedent and the estate that had priority over Devisee's expectancy under the terms of the will. To the extent of any overlap or conflict in the option and the devise, the devise is adeemed. *See* 6 WILLIAM J. BOWE & DOUGLAS H. PARKER, PAGE ON WILLS section 54.7 (1901) (stating that if a testator devises land then gives an option upon such land for value and the option is exercised after testator dies, the devise is adeemed).

Devisee's five points on appeal are merely claims of error regarding the responsibilities of administrators pendente lite and the procedures for selling real property under a will. The claims of error are not prejudicial as all parties agree that the option was valid and enforceable. Because we find the contract that arose when the option was exercised takes priority over Devisee's expectancy in the will, we need not address the points on appeal.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, C.J., and CLIFFORD H. AHRENS, J., concur.